**Ervin Allen BIGLEY, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–90–068–CR.**

Court of Appeals of Texas,
Austin.

May 6, 1992.

Rehearing Overruled June 3, 1992.

Discretionary Review Granted
Sept. 23, 1992.

Stephen M. Orr, Orr, Davis & Beaver, Austin, for appellant.

Charles D. Penick, Criminal Dist. Atty., John M. Hawkins, Asst. Criminal Dist. Atty., Bastrop, for State.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ON MOTION FOR REHEARING

CARROLL, Chief Justice.

The original opinion in the cause, dated January 8, 1992, is withdrawn and this opinion is substituted in its place.

A jury found Ervin Allen Bigley, Jr. guilty of possession of 400 grams or more

of methamphetamine. *See* Texas Controlled Substance Act, 1983 Tex.Gen.Laws, ch. 425, § 9, at 2379 (Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04, since repealed and codified at Tex. Health & Safety Code Ann. § 481.115 (Pamph.1992)). After finding Bigley was a repeat offender, the jury assessed punishment at ninety-nine years in the Texas Department of Corrections and a fine of $250,000. *See* former art. 4476–15, § 4.012. Because of proof problems involving the presence and amount of "adulterants and dilutants" in the methamphetamine, under the latest guidelines from the Court of Criminal Appeals, we find the evidence insufficient to sustain a conviction for the aggravated offense. Rather than order an acquittal, however, we reform the judgment to reflect a conviction for the lesser included offense of possession of twenty-eight grams or more but less than 400 grams of methamphetamine, and remand the cause for reassessment of punishment.

## BACKGROUND

On June 29, 1987, the Austin Police Department, acting on a tip from a confidential informant, obtained a warrant to search Bigley's residence in Manor, Texas. As a result of the search, police discovered evidence of a laboratory designed to produce methamphetamine, and seized thirteen containers of methamphetamine in powder and liquid form. The police arrested Bigley, who was later convicted of aggravated possession of over 400 grams of methamphetamine, including adulterants and dilutants.

## DISCUSSION

*Sufficiency of the Evidence:*

■ In his first and second points of error, appellant argues that the evidence is insufficient to prove he possessed methamphetamine weighing over 400 grams, including adulterants and dilutants.[1] In a conviction for possession of a controlled

substance, the weight of adulterants and dilutants present in a seized substance may be combined with the weight of the controlled substance for the purpose of determining the defendant's punishment. *McGlothlin v. State*, 749 S.W.2d 856, 858 (Tex.Crim.App.1988). However, the court of criminal appeals has held that the terms "adulterants" and "dilutants" refer specifically to compounds, substances or solutions added to the controlled substance *with the intent to increase the bulk or quantity of the final product. Id.* at 860. When the State attempts to obtain a conviction for an aggravated offense on the theory that the aggregate weight of the controlled substance (including adulterants and dilutants) is over 400 grams, it must first "prove the existence of any adulterants and dilutants, *i.e.*, compounds, substances, or solutions added to the controlled substance to increase the bulk or quantity of the final product." *Reeves v. State*, 806 S.W.2d 540, 542 (Tex.Crim.App.1990). It must then show that the controlled substance, including the adulterants and dilutants, if proven to exist, weighs more than 400 grams. *See id.; McGlothlin*, 749 S.W.2d at 861. It is the State's failure to prove the existence of adulterants and dilutants that is fatal to this conviction on appeal.

During Bigley's trial, the State introduced into evidence thirteen exhibits of methamphetamine seized from Bigley's residence. Sam Bivone, a chemist for the Austin Police Department, testified that he performed chemical analyses on the exhibits and that they all contained methamphetamine. However, Bivone only performed purity analyses on three of the thirteen exhibits. Bivone testified as follows regarding these three exhibits: (1) the State's first exhibit weighed 2.68 grams and contained 78% methamphetamine powder; (2) the State's fifth exhibit weighed 1.2 grams and contained 53% pure methamphetamine powder; (3) the State's tenth exhibit weighed 559.47 grams and contained 69%

---

1. When assessing the sufficiency of the evidence in a criminal case, we must view the evidence in the light most favorable to the conviction to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

methamphetamine powder. The State thus established that police seized 388.76 grams of pure methamphetamine powder from Bigley's residence. The aggregate weight of the three exhibits was 563.35 grams. Bivone testified that the aggregate weight included adulterants and dilutants, and defined adulterants and dilutants as "an impurity from the 100% you want to get." However, Bivone did not identify the composition of the non-methamphetamine substances in the three exhibits. To the contrary, Bivone acknowledged on cross examination that the aggregate weight of the controlled substances might also include waste products, water and trash.

The court of criminal appeals evaluated similar circumstances in *Engelking v. State*, 750 S.W.2d 213 (Tex.Crim.App.1988), a methamphetamine possession case in which the State's expert witness was also a police chemist called to testify about the composition of controlled substances. *Id.* at 214. The chemist defined an "adulterant" as any impurity in a substance and defined a "dilutant" as any substance that makes another substance weaker. *Id.* at 216. The *Engelking* court concluded that these broad definitions provided no evidence that the controlled substances seized from the defendant contained any substance intended to increase the bulk or quantity of the final product, as *McGlothlin* requires. *Id.* As a result, the *Engelking* court reversed the judgment of the trial court and remanded with instructions to acquit the defendant of the offense of possession of methamphetamine of over 400 grams. *Id.*

█ Just as in *Engelking*, the record in our case lacks any evidence that the balance of the seized substances, absent the actual methamphetamine present, contained any substance intended to increase the bulk or quantity of the final product, methamphetamine. A commonsense interpretation of the record should allow us to conclude that where a chemist identifies an exhibit as consisting of a certain percentage of methamphetamine in a final, powder form, the remainder of the exhibit consists of adulterants or dilutants. In considering

whether the aggregate weight of a controlled substance exceeds a certain level, however, the court of criminal appeals cases require inquiry into whether the nondrug portion of the substance is an "adulterant or dilutant." The court of criminal appeals defines "adulterant and dilutant" as any substance *added with the intent of increasing the bulk or quantity of the final product. See Reeves v. State*, 806 S.W.2d 540, 542 (Tex.Crim.App.1990); *Engelking*, 750 S.W.2d at 216; *McGlothlin*, 749 S.W.2d at 860. *See also Cawthon v. State*, 1992 WL 73489, No. 1170–90 (Tex. Crim.App., April 15, 1992). There is no such evidence before us.

The State did not establish that their exhibits contained "adulterants and dilutants" as defined by the court of criminal appeals. We therefore cannot conclude from the evidence presented at Bigley's trial that the State's exhibits one, five, and ten contain an aggregate weight of methamphetamine, including adulterants and dilutants, that exceeds 400 grams. Because the State did not determine the percentage of methamphetamine within the other ten exhibits, we have no evidence from which to conclude that the methamphetamine content of these exhibits, combined with exhibits one, five, and ten, exceeds 400 grams. We therefore conclude that the evidence in this case is insufficient to support a finding that Bigley possessed methamphetamine in an aggregate weight of over 400 grams.

*Admission of Hearsay:*

In his third and fourth points of error, Bigley argues that the trial court erroneously admitted a police officer's hearsay testimony about what a confidential informant told the police officer. Bigley contends that this violated his right to confrontation under the Sixth Amendment to the United States Constitution and Texas Constitution Article 1, § 10, and that the admission of this hearsay evidence contributed to his conviction, since it connected him to the residence where the bulk of the illegal drugs, and the drug manufacturing operation, were found.

█ The police officer testified that a confidential informant told him that the

informant had been at the residence and had observed Bigley manufacturing methamphetamine at the residence. Upon Bigley's objection, the prosecution offered that the testimony was admissible to establish probable cause for a search of the residence. We agree with Bigley's contention that this evidence should not have been admitted. "The general rule is that hearsay evidence relating to probable cause is not admissible before the jury, when the issue has not been raised." *Soliz v. State,* 794 S.W.2d 110, 112–13 (Tex.App.1990, pet. ref'd) (citations omitted). The admission of this evidence will require reversal unless this court determines beyond a reasonable doubt that the erroneously admitted evidence made no contribution to the conviction. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Johnson v. State,* 660 S.W.2d 536, 538 (Tex. Crim.App.1983); Tex.R.App.P.Ann. 81(b)(2) (Pamph.1992). Insofar as this cause is being remanded for a new trial on punishment, the question of whether the inadmissible evidence contributed to the sentence imposed on Bigley is not a factor in our analysis.

■ In light of the overwhelming amount of properly admitted evidence, we are convinced beyond a reasonable doubt that this testimony did not contribute to the verdict. "Where there is not a reasonable possibility that improperly admitted evidence has contributed to a defendant's conviction, reversal is not required." *Bird v. State,* 692 S.W.2d 65, 70 (Tex.Crim.App. 1985). *See also Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Johnson v. State,* 660 S.W.2d 536, 538 (Tex.Crim.App.1983); *Vanderbilt v. State,* 629 S.W.2d 709 (Tex.Crim.App.1981), *cert. denied* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169; *Clemons v. State,* 605 S.W.2d 567, 571 (Tex.Crim.App.1980); Tex. R.App.P.Ann. 81(b)(2) (Pamph.1992).

There was no lack of properly admitted evidence connecting Bigley to the methamphetamine production operation at the residence. The police found the following items in Bigley's possession when he arrived at the residence:

● A temporary driver's permit from the Texas Department of Public Safety, in the name of Bigley, identifying the residence as his address.

● A bank statement from Texas American Bank, Austin, addressed to Bigley at the residence.

● An envelope from the Texas Employment Commission, addressed to Bigley at the residence.

● A vehicle registration form for the vehicle Bigley was driving when he arrived at the residence, with Bigley's name and the address of the residence.

● A methamphetamine "cookbook," which described a set-up like that found at the residence.

● A vial containing approximately two ounces of methamphetamine.

Given the abundance of evidence linking Bigley to the methamphetamine laboratory, the improperly admitted hearsay added little to the State's case. We conclude beyond a reasonable doubt that the informant's statements did not contribute to the conviction.

■ Further, any harm that might have been caused could have been cured by instructing the jury to consider the evidence only for the limited purpose for which it was offered. Since the prosecution offered the evidence for the purpose of showing probable cause, the trial court and prosecutor impliedly agreed with Bigley that the testimony was not proper evidence of Bigley's guilt. In such a case, appellant must request a jury instruction as to the limited purpose of the evidence. Bigley's failure to make such a request waives any objection as to the effect of the evidence on his conviction. Where the error could have been cured by an instruction, a defendant who fails to request such an instruction cannot complain of the error on appeal.

The rule is well established that error in the admission of improper testimony is usually cured by the trial court's instruction to the jury to disregard. *Coe v. State,* 683 S.W.2d 431 (Tex.Crim.App. 1984). The error will be rendered harmless except in the extreme cases where it appears that the question or evidence is

clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on the juror's minds. *Kelley v. State*, 677 S.W.2d 34 (Tex.Crim.App.1984).

*Robinette v. State*, 816 S.W.2d 817, 819 (Tex.App.1991, no pet.).

The evidence complained of in this case was not clearly calculated to inflame the minds of the jury. Appellant's third and fourth points of error are overruled.

*Appearance in Jail Clothing*:

In his fifth point of error, Bigley argues that the trial court erred in refusing to impanel a new jury after prospective jurors saw Bigley being led into the courtroom in jail garb. Bigley contends that appearing this way before prospective jurors, twelve of whom later became the jury in this cause, infringed upon his presumption of innocence.

■ Although it is generally error to bring a defendant into the courtroom while in jail garb, the error is not necessarily harmful if the incident is a momentary, inadvertent and fortuitous encounter.

While it is now axiomatic that requiring an accused person to wear handcuffs before the jury infringes his constitutional presumption of innocence ... it is also true that a momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed accused and one or more of the jurors does not necessarily call for a mistrial or reversal. *Clark v. State*, 717 S.W.2d 910, 918–10 (Tex.Crim.App.), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987) (citations omitted).

The appearance of the accused in jail garb is analogous to his appearance in handcuffs, insofar as it may infringe his right to presumption of innocence. In this case, Bigley had been led through the courtroom in which the prospective jurors were waiting for voir dire to begin. After the trial, the court questioned those jurors who had observed the defendant in jail garb, and was convinced that no bias or prejudice was formed as a result. Eight of the twelve jurors had not recognized Bigley in jail garb; those who did stated that it did not influence their verdict in any way. Appellant's fifth point of error is overruled.

*Jury Argument*:

In his sixth and seventh points of error, Bigley complains of the prosecutor's statements during jury argument. Point six complains that the prosecutor improperly appealed to community pressure; point seven complains that the prosecutor improperly injected personal opinion into jury argument.

■ Proper jury argument consists of summation of the evidence presented at trial, reasonable deductions drawn therefrom, answer to opponent's argument, and appeal for law enforcement.

In examining challenges to jury argument, this Court considers the remark in the context in which it appears. Counsel is allowed wide latitude without limitation in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. Conversely, the jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence to constitute reversible error.

*Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim.App.1988) (citations omitted).

■ Bigley contends that the prosecutor's assertion that the jury should not "minimize the community pressure, because I think you are under pressure" is reversible error. But after viewing the statements in the context of the State's jury argument, it becomes apparent that the statements objected to were intended to stress the responsibility of the jurors to speak for the community: "[P]ublic officials always hear a great deal of this and that and what ought to be done. Everybody does. ... [I]t's people like you right now that are going to get a chance to actually make a statement. ... I think you are under pressure, because you are responsible. ... I want to hear what the community has to say. ... "

▮▮▮▮ Bigley contends that the prosecutor's statement that "this is one of the strongest methamphetamine cases I've ever seen in terms of being able to prove the person guilty" improperly injected personal opinion into jury argument. However, the State may use opinion argument if it is based on evidence and not unsworn testimony. *Allridge v. State,* 762 S.W.2d 146 (Tex.Crim.App.1988).

In this case, even if the statement was improper opinion, "any possible error was cured by the court's instruction to disregard." *Id.,* 762 S.W.2d at 156. *See also Welch v. State,* 677 S.W.2d 562, 564 (Tex. App.1984) ("While the prosecutor should not have expressed his personal opinion, we hold that his statement that 'I don't buy that' did not constitute reversible error under the facts of this case."); *Simpkins v. State,* 590 S.W.2d 129, 136 (Tex.Crim.App. 1979) ("An argument will not constitute reversible error unless, in light of the record as a whole, the language complained of is manifestly improper, harmful, and prejudicial.").

Appellant's points of error six and seven are overruled.

## DISPOSITION

▮▮▮▮ The district court charged the jury on the lesser included offenses of possession of twenty-eight grams or more but less than 400 grams of methamphetamine, and possession of less than twenty-eight grams of methamphetamine. By finding that Bigley possessed 400 grams or more of methamphetamine, the jury necessarily found that he possessed the lesser

amounts. There is ample proof of Bigley's guilt of the lesser included offense of possession of twenty-eight grams or more but less than 400 grams of methamphetamine.

The courts of appeals are authorized to modify the judgment of the trial court by correcting or reforming it. Tex.R.App. P.Ann. 80(b) (Pamph.1991). We are also authorized to render the judgment that the court below should have rendered. *Id.* We therefore reform the judgment of the district court to reflect a conviction for possession of twenty-eight grams or more but less than 400 grams of methamphetamine.[2] As reformed, the judgment of conviction is affirmed as to the adjudication of guilt.

The punishment assessed exceeds that authorized by former art. 4476–15, §§ 4.012, 4.04(d)(1). Therefore, we reverse that portion of the judgment assessing punishment, and remand the cause for a new trial as to punishment. Tex.Code Crim. Proc.Ann. art. 44.29(b) (Supp.1991).

Reformed, and as Reformed, Affirmed in Part; Reversed and Remanded in Part.

---

**2.** We are aware of the recent statement that the court of criminal appeals does not have the authority to reform a conviction for a greater felony found to be based on insufficient evidence to a lesser felony which the evidence will support. *Stephens v. State,* 806 S.W.2d 812, 818 n. 8 (Tex.Crim.App.1990). This footnote refers only to the authority of the court of criminal appeals, to which Rule 80 does not expressly apply.

We are also aware of the earlier statement by the court of criminal appeals that "neither this Court nor the court of appeals is authorized to reform the judgment and sentence to reflect conviction for a lesser included offense under [former Tex.Code Crim.Proc.Ann.] Article 44.-

24(b)." *Garrett v. State,* 749 S.W.2d 784, 793–94 (Tex.Crim.App.1986) (opinion on original submission). Article 44.24(b) was repealed and replaced by Rule 80, which contains a broader grant of authority to the courts of appeals. Further, the case cited as authority for this statement in *Garrett* is not on point. *See Milczanowski v. State,* 645 S.W.2d 445, 447 (Tex.Crim.App. 1983).

Despite these recent disclaimers of authority, the court of criminal appeals has employed the procedure we adopt in this cause. *See Jones v. State,* 532 S.W.2d 596, 601 (Tex.Crim.App.1976); *Moss v. State,* 574 S.W.2d 542, 545 (Tex.Crim. App.1978) (opinion on rehearing).