IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-254-CR




JACKIE GILBERT CARDWELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 6025, HONORABLE D.V. HAMMOND, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment at
imprisonment for sixty years. Penal Code, 63rd Leg., R.S., ch. 399, sec. 1, § 29.03, 1973 Tex.
Gen. Laws 883, 926 (Tex. Penal Code Ann. § 29.03, since amended).

 In two points of error, appellant contends the evidence is legally insufficient to
sustain a conviction for aggravated robbery. The State confesses error, but urges that the
evidence is sufficient to sustain a conviction for the lesser included offense of robbery, which was
submitted to the jury in the district court's charge. Tex. Penal Code Ann. § 29.02 (West 1989);
see Bigley v. State, 831 S.W.2d 409, 415 (Tex. App.--Austin 1992), aff'd, No. 939-92 (Tex.
Crim. App. June 16, 1993). In his motion to withdraw his request for oral argument, appellant
concedes that the evidence is sufficient to sustain a conviction for the lesser offense.

 The judgment of conviction is reformed to reflect a conviction for robbery. As
reformed, the judgment is affirmed as to the adjudication of guilt. Because the punishment
assessed exceeds that authorized by section 29.02, we reverse that portion of the judgment
assessing punishment and remand the cause for a new trial as to punishment. Tex. Code Crim.
Proc. Ann. art. 44.29(b) (West Supp. 1993).



Before Justices Powers, Jones and Kidd

Reformed, and as Reformed, Affirmed in Part; Reversed and Remanded in Part

Filed: September 22, 1993

Do Not Publish