NO. 07-11-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 14, 2013

_____

RONNIE DEWAYNE CRAWFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 6033; HONORABLE KELLY G. MOORE, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Ronnie Dewayne Crawford, was convicted by a jury of possession of a controlled substance with intent to deliver.[1] Punishment was assessed at twenty years confinement and a $5,000 fine.[2] He presents three issues on appeal. By his first two issues, he asserts abuse of discretion

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (WEST 2010).

[2]The indictment alleged possession of four grams or more but less than 200 grams of cocaine, making the offense a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (WEST 2010).

by the trial court in (1) overruling a valid challenge for cause during jury selection which harmed him by forcing him to expend one of his peremptory challenges and having to accept another biased panel member and (2) admitting testimony from a lay State's witness not founded upon personal knowledge, adversely affecting his substantial rights. By his third issue, Appellant contends the trial court erred in allowing Count I of the indictment go to the jury because the State's evidence was legally insufficient to show intent to deliver the controlled substance. We affirm.

## BACKGROUND FACTS

On February 6, 2012, at approximately 8:30 in the evening, Officer Coronado was dispatched to a residence for a domestic disturbance call. When he arrived he observed that Terry Crawford, Appellant's uncle, was intoxicated and acting aggressively. While Terry was being questioned, Appellant and his sister, Pearlie, walked toward a Buick parked on the street and attempted to enter the vehicle.[3] About that time, Sergeant Dorris arrived to assist Officer Coronado. As Officer Coronado continued his questioning of Terry, he noticed Appellant, who was standing on the driver's side, doing something with his hands and making movements as if he was kicking something. Officer Coronado ordered Appellant and Pearlie to return to the front porch.

After Officer Coronado questioned Terry, his focus turned to the Buick and he conducted a search. In the front passenger side, he found a plastic baggie containing white powder which he believed to be cocaine. He also found a Newport cigarette box

---

[3]Officer Coronado testified that a check on the vehicle showed "Nicky Babers" as the owner.

containing marihuana. Underneath the driver's side of the vehicle, close to where Appellant had been standing, he found another Newport cigarette box that contained 42 rocks of crack cocaine.

Appellant and Pearlie were both arrested. They were transported to the police department by Sergeant Dorris and Appellant was charged with possession of cocaine with intent to deliver in a drug-free zone. The jury was not charged on the drug-free zone enhancement and Appellant was convicted of possession of cocaine in an amount of four grams or more but less than 200 with intent to deliver.

## ANALYSIS

### ISSUE ONE

Appellant maintains the trial court abused its discretion in overruling his challenge for cause to Juror Wauson thereby forcing him to accept Juror Brooks, a biased panel member. We disagree.

We review the entire record of *voir dire* to determine if the evidence is sufficient to support a trial court's ruling on a challenge for cause. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex.Crim.App. 2002). We afford great deference to the trial court's ruling because the judge is present to observe the demeanor of the venireperson and to listen to their tone of voice. *Id.* We will reverse a ruling on a challenge for cause only if a clear abuse of discretion is shown. *Davis v. State*, 313 S.W.3d 317, 344 (Tex.Crim.App. 2010).

3

The burden is on the proponent of the challenge for cause to establish that the challenge is proper. *Feldman*, 71 S.W.3d at 747. A venireperson is challengeable for cause if he or she has a bias or prejudice against the defendant or against the law upon which the defense is entitled to rely. TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (WEST 2006). *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex.Crim.App. 2011). The test is whether the venireperson's bias or prejudice would substantially impair his or her ability to carry out the oath and instructions in accordance with the law. *Gonzales*, 353 S.W.3d at 831. A juror who cannot impartially judge the credibility of the witnesses is challengeable for cause for having a bias or prejudice in favor of or against the defendant. TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9). To preserve error on a challenge for cause, an appellant is required to (1) assert a clear and specific challenge for cause, (2) use a peremptory challenge on the complained-of veniremember, (3) exhaust all of his peremptory challenges, (4) request and be denied additional peremptory challenges, and (5) be forced to accept an objectionable veniremember on the jury. *Feldman,* 71 S.W.3d at 744.

During *voir dire*, defense counsel listed the names of Brownfield Police Officers involved with the case and asked the panel if anyone knew them and would already have an opinion on their credibility. Panel member Wauson responded that he knew all of them because he works for the City of Brownfield. Regarding the officers' credibility, he answered, "[t]hey're all honest, but they can all make mistakes."

Defense counsel also questioned the venire panel on the State's burden of proof and asked the panel if any of them would want to hear from both sides in the criminal trial before returning a verdict. Panel member Brooks answered "yes." Defense

4

counsel then asked if any members of the panel would "require to hear from the Defendant" if the State did not prove its case beyond a reasonable doubt. Brooks then responded, "[n]o, probably not. I changed my answer on that." Defense counsel continued his *voir dire* on the State's burden of proof and asked panel members if they would require the Defendant to put on evidence. Brooks vacillated and answered "yes." The trial court interrupted and explained that the Defendant is not required to take the stand and if he chose not to testify, the jury would be instructed not to consider or discuss the failure to testify. Brooks then responded that she would follow the court's instructions.

At the conclusion of *voir dire*, defense counsel challenged Wauson and Brooks for cause. Both challenges were denied. Defense counsel used a peremptory challenge to strike Wauson and requested an additional challenge to use on Brooks because he felt she had issues with the burden of proof. The trial court denied the request and Brooks was seated as a juror.

Reviewing the entirety of *voir dire*, we acknowledge that Brooks vacillated on her answers to questions regarding the burden of proof. However, once instructed by the trial court on a defendant's choice not to testify, she replied that she could follow the court's instructions. Accordingly, we conclude Brooks was not challengeable because no bias or prejudice against Appellant was demonstrated by her. Therefore, even assuming Wauson was properly challengeable, we hold Appellant did not preserve error because he failed to establish that he was forced to accept an objectionable veniremember on the jury. Issue one is overruled.

5

**ISSUE TWO**

By his second issue, Appellant asserts abuse of discretion by the trial court in admitting testimony from Officer Coronado, a lay person, which was not founded on personal knowledge which adversely affected his substantial rights. We disagree.

We review a trial court's decision to admit evidence for abuse of discretion and will not find an abuse unless the decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g)).

During Officer Coronado's direct examination, he was asked questions relating to personal use versus intent to deliver a controlled substance. He testified that possession of one or two rocks of crack cocaine usually indicates personal use and then testified over objection that 42 rocks "[i]ndicates that [Appellant] was attempting to sell it for profit." Defense counsel objected that the question called for a legal conclusion and Officer Coronado had not been qualified as an expert and added that the question invaded the province of the jury. The objection was overruled and Officer Coronado continued with his testimony.

On appeal, Appellant complains that Officer Coronado was not qualified as an expert to testify about narcotics patterns. Defense counsel's objection was based on Rules 602 and 701 of the Texas Rules of Evidence.[4] It is well settled that an

_____

[4]Rule 602 provides in part, "[a]" witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness. . . ." Rule 701 provides in

experienced law enforcement officer may give opinion testimony to establish an accused's intent to deliver. *Jones v. State*, 300 S.W.3d 93, 97 (Tex.App.—Texarkana 2009, no pet.); *Mack v. State*, 859 S.W.2d 526, 529 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Appellant's complaint, however, is that the State failed to take the necessary steps to qualify Officer Coronado as an expert witness.

Police officers who have training and experience are not precluded from offering lay testimony regarding events which they have personally observed. *Osbourn v. State*, 92 S.W.3d 531, 536 (Tex.Crim.App. 2002). Thus, their testimony may be admissible under both Rule 701 of the Texas Rules of Evidence as opinion testimony or under Rule 702 as expert testimony. *Id.* Observations which do not require significant expertise to interpret or which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met. *Id.* at 537. Rule 701 covers testimony of a "traditional" witness—one who personally witnessed or participated in the events about which he is testifying. *Ellison v. State*, 201 S.W.3d 714, 723 (Tex.Crim.App. 2006).

The personal experience and knowledge of a lay witness may establish that he is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge. *Osbourn,* 92 S.W.3d at 537. Officer Coronado testified he was a canine officer and had been on the police force since 2007. His experience was in conducting narcotics investigations. Prior to attending the police academy, he investigated criminal cases in the military for six years. Although he was

---

part that a non-expert's testimony in the form of opinions or inferences is limited to those which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

not qualified as an expert, Officer Coronado's testimony that 42 rocks of crack cocaine was indicative of intent to deliver rather than personal use was admissible under Rule 701 as opinion testimony. His testimony was based on his perception at the scene and from the lack of indicia that the crack cocaine was for personal use. We conclude the trial court did not abuse its discretion in admitting Officer Coronado's opinion testimony. Issue two is overruled.

**ISSUE THREE**

By his final issue, Appellant challenges the legal sufficiency of the evidence to support submission to the jury the question of intent to deliver cocaine. We disagree

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*. See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or

8

inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

The State was required to prove that Appellant knowingly possessed cocaine with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (WEST 2010). Intent to deliver can be proven by circumstantial evidence. *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex.App.—Fort Worth 1995), *aff'd*, 945 S.W.2d 115 (Tex.Crim.App. 1997). Evaluative factors in determining intent to deliver include (1) the nature of the location where the defendant was arrested; (2) the quantity of drugs the defendant possessed; (3) the manner of packaging; (4) the presence or absence of drug paraphernalia for either drug use or sale; (5) whether the defendant possessed a large amount of cash; and (6) the defendant's status as a drug user. *Williams v. State*, 902 S.W.2d 505, 507 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Because these are merely evaluative factors, evidentiary sufficiency does not require the presence of each factor. *See Gaither v. State*, 383 S.W.3d 550, 551 (Tex.App.—Amarillo 2012, not pet.). *See also Kibble v. State*, 340 S.W.3d 14, 19 (Tex.App.—Houston [1st Dist.] 2010, pet. ref'd).

Here, Appellant maintains there is a total absence of evidence to show intent to deliver, i.e., "total lack of trafficking indicia," because no evidence was presented of drug transactions, packaging materials, drug paraphernalia, or any cash on Appellant. Appellant fails to consider, however, that Officer Coronado testified that the 42 rocks of crack cocaine found underneath the vehicle had a street value of $840 and that he further testified that one or two rocks are customary for personal use. In fact, the absence of any drug paraphernalia for smoking or using cocaine even supports a

9

circumstantial inference that Appellant intended to distribute the cocaine rather than consume it. *See Mack v. State*, 859 S.W.2d 526, 529 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Lack of evidence that an accused is a drug user may permit a jury to reasonably infer an intent to deliver. *Jordan v. State*, 139 S.W.3d 723, 726-27 (Tex.App.—Fort Worth 2004, no pet.). When faced with conflicting inferences, this Court must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the verdict, and must defer to that resolution. *Matson v. State*, 819 S.W. 2d 839, 846 (Tex.Crim.App. 1991).

Appellant relies on *Garrett v. State*, 161 S.W.3d 664 (Tex.App.—Fort Worth 2005, pet. ref'd), and *Bigley v. State*, 831 S.W.2d 409 (Tex.App.—Austin 1992) (op. on reh'g), *aff'd* 865 S.W.2d 26 (Tex.Crim.App. 1993), in support of his argument that the evidence is legally insufficient to support his conviction. Because the jury in each case was charged with a lesser included offense, as was the jury in the underlying case, Appellant argues the judgment should be reformed to reflect a conviction for possession, without a finding of intent to deliver. We disagree with his contentions.

In *Garrett*, the evidence was legally insufficient to support intent to deliver. However, *Garrett* is distinguishable because the evidence linked another individual to possession with intent to deliver. 161 S.W.3d at 671. In the present case, Appellant was the only person observed on the driver's side of the vehicle under which the crack cocaine was found and Officer Coronado observed movements by Appellant suggesting he was kicking something underneath that vehicle.

In *Bigley*, the defendant was convicted of possession of 400 grams or more of methamphetamine, including adulterants and dilutants. However, the State failed to prove the existence of adulterants and dilutants and the judgment was reformed to reflect a conviction for the lesser included offense of possession of 28 grams or more but less than 400 grams. 831 S.W.2d at 411-12. The facts of this case are clearly distinguishable.

Based on the evidence viewed in the light most favorable to the verdict, including the number of individual rocks of cocaine found, we find that a rational trier of fact could have found an intent to deliver beyond a reasonable doubt. Issue three is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.