THORPE V. STATE 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-117-CR




WINSTON THORPE,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 105,062, HONORABLE MACE B. THURMAN, JR., JUDGE



 




 A jury found Winston Thorpe, appellant, guilty of aggravated possession of a
controlled substance, cocaine. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115
(Pamph. 1992). The trial court sentenced appellant to twenty-five years' confinement in the
Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant asserts
two points of error: (1) the evidence was legally insufficient to support the jury's guilty verdict;
and (2) the trial court erred in overruling appellant's motion for new trial based on newly
discovered evidence. We will reverse the conviction and reform the judgment to reflect an
acquittal.


BACKGROUND


 Noel Palmer, appellant's brother-in-law, notified police that appellant was in
possession of illegal drugs. Palmer made the phone call from a convenience store located across
the street from appellant's apartment. On receiving the phone call, the police met Palmer at the convenience store, briefly questioned him, and then accompanied him to appellant's apartment. 
When Palmer opened the apartment door, the police saw appellant standing in the hall of the
apartment holding bags that contained crack cocaine.

 A grand jury indicted appellant for the offense of intentionally and knowingly
possessing cocaine, plus adulterants and dilutants, in the amount of twenty-eight grams or more
but less than 400 grams. A jury convicted appellant of that offense, and the trial court sentenced
him to twenty-five years' imprisonment.


DISCUSSION


 In his first point of error, appellant claims that the evidence was legally insufficient
to prove that he was in possession of at least twenty-eight grams of cocaine, including adulterants
and dilutants. In addressing a sufficiency-of-the-evidence challenge, we must determine, after
viewing the evidence in the light most favorable to the prosecution, whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. Reeves v.
State, 806 S.W.2d 540, 543 (Tex. Crim. App. 1990) (citing Jackson v. Virginia, 443 U.S. 307
(1979)), cert. denied, 111 S.Ct. 1641 (1991). We must "review the entire body of evidence to
determine whether the State has proven beyond a reasonable doubt each and every element of the
alleged crime and not just a plausible explanation of the crime." Butler v. State, 769 S.W.2d 234,
239 (Tex. Crim. App. 1989).

 At trial the State introduced into evidence four exhibits that police officers had
seized at appellant's apartment and that the State's chemist had tested for the presence of
controlled substances. Two of the tested exhibits, numbers 6 and 7, contained no controlled
substances; however, the other two exhibits, numbers 4 and 5, tested positively for cocaine.

 Exhibit number 4 included 101 small zip-locked bags, each of which contained a
solid granular substance. The State's chemist tested 10 of these 101 small bags and found that the
substance in each of the 10 small bags contained cocaine. The combined weight of all 101 small
bags was 16.93 grams; however, there was no evidence as to the weight of the 10 small bags that
the State's chemist tested. Exhibit number 5 consisted of a single bag containing two large chunks
of solid material. The State's chemist determined that these chunks contained cocaine. The
weight of exhibit number 5 was 27.00 grams; therefore, the aggregate weight of both exhibits 4
and 5 was 43.93 grams.

 As discussed above, the State's chemist testified that the substances in exhibits 4
and 5 "contained" cocaine; however, there is no evidence as to how much of the 43.93 grams of
substance contained in those exhibits was cocaine, as opposed to some other substance. In
response, the State correctly asserts that when it is proving the amount of cocaine possessed by
a defendant, it is allowed to include not only the pure cocaine, but also any adulterants and
dilutants present. See Tex. Health & Safety Code Ann. § 481.115 (Pamph. 1992). Therefore,
the State argues that the evidence is sufficient to prove that the 43.93 grams of substance seized
at appellant's apartment consisted entirely of cocaine and adulterants and dilutants. We disagree.

 In McGlothlin v. State, 749 S.W.2d 856 (Tex. Crim. App. 1988), the court defined
the terms "adulterants" and "dilutants" to mean "compounds, substances or solutions added to the
controlled substance with the intent to increase the bulk of the product. Or, increase the quantity
of the final product `without affecting its activity.'" Id. at 860. The court recently elaborated
on this definition in Cawthon v. State, No. 1170-90 (Tex. Crim. App. April 15, 1992), stating
that the chemical activity of the controlled substance and the added substance is paramount;
therefore, "[i]f the added substance changes the [controlled substance's] chemical activity, it is
not an adulterant or dilutant, even if it does increase the bulk or quantity of the product." Id., slip
op. at 2. The court then quoted the following from its opinion in Reeves, adding the bracketed
phrase "without affecting its activity":


[W]here the State attempts to obtain a conviction for an aggravated offense under
the theory that the aggregate weight of the controlled substance, including
adulterants or dilutants, is over 28 grams, the State first must prove the existence
of any adulterants or dilutants, i.e., compounds, substances, or solutions added to
the controlled substance to increase the bulk or quantity of the final product
[without affecting its activity]. The State must then show that the controlled
substance, plus any adulterants or dilutants, if proven to exist, weighs more than
28 grams.


Cawthon, slip op. at 2-3 (quoting Reeves, 806 S.W.2d at 542). Relying on Reeves, McGlothlin,
Engelking v. State, 750 S.W.2d 213 (Tex. Crim. App. 1988), and Sloan v. State, 750 S.W.2d 788
(Tex. Crim. App. 1988), the court then summarized the elements that the State must prove beyond
a reasonable doubt when adulterants and dilutants constitute a part of the weight utilized to
increase punishment:


(1) the identity of the named illegal substance, (2) that the added remainder
(adulterants and/or dilutants) has not affected the chemical activity of the named
illegal substance, (3) that the remainder (adulterants and/or dilutants) was added
to the named illegal substance to increase the bulk or quantity of the final product,
(4) the weight of the illegal substance, including any adulterants and/or dilutants.


Cawthon, slip op. at 3-4.

 In the present case, the State presented two witnesses who testified both about crack
cocaine in general and about the crack cocaine seized in appellant's apartment. One of the
witnesses, a police officer, testified that he knew the basics of "crack-cocaine" manufacturing,
which he described as a "boiling down process with baking soda that's mixed with cocaine with
whatever--it's called cut that you're using . . . . You cut it down." When asked what "cut"
means, the officer described it as anything added to the pure cocaine to dilute it. The officer also
testified that crack cocaine is soft immediately after being made, hardening as it dries out, and that
the crack cocaine from appellant's apartment was soft when seized.

 The other witness presented by the State was the chemist who tested the substances
seized at appellant's apartment. As discussed above, the chemist testified that both exhibits 4 and
5 contained cocaine. The following exchange then occurred:



Q: Let me ask you about--Let me also ask you quickly about State's Exhibit
No. 7 and State's Exhibit No. 6. Did you also take a look at those
substances?


A: Yes, sir, I did.


Q: And did you run any tests on those substances?


A: Yes, sir, I did.


Q: Okay. And what were the results of those tests?


A: They were negative for any controlled substances. That's really about as
far as we go on negative substances. We don't continue to specifically
identify them.


Q: Okay. Do you have any opinion as to what it might be or what it would be
used for?


A: It's very possible that it is something similar to like baking soda. A basic
type compound.


 * * *



Q: Did you also weigh the substances that you said tested positive for cocaine?


A: Yes, sir.


Q: And what was the weight of the 101 rocks?


A: 16.93 grams.


Q: What was the weight of the two larger rocks?


A: 27.00 grams.


* * *



Q: And does that weight include adulterants and dilutants?


A: Yes, sir, it would.


Q: What do you mean by adulterant and dilutant?


A: That would be something that was not cocaine that might be present in the
sample.


Q: Okay. Baking soda, for example?


A: Very, very possibly, yes.


Q: Something that's added to the cocaine to dilute it?


A: That could be, also.


Q: So the total amount of the cocaine for this particular case is what amount?


A: The total amount would be 43.93 grams.



 Obviously, the State presented sufficient evidence of the identity of the named
illegal substance; exhibits 4 and 5 contained at least some cocaine. However, there is no evidence
that the remainder of the substance was adulterants and dilutants. The State's chemist testified
only that exhibits 4 and 5 could include adulterants and dilutants. Under the teaching of Reeves
and Cawthon, this is not sufficient. "Absent facts to show that the remainder of the material
consisted of substances intended to increase the bulk or quantity of the final product, [crack
cocaine], it cannot be said that the remainder was an adulterant or dilutant." Reeves, 806 S.W.2d
at 544 (emphasis added). Even if we assume, therefore, that the State's evidence was sufficient
to establish that exhibits 4 and 5 "contained" cocaine and adulterants and dilutants, there was
absolutely no evidence that that was all the exhibits contained. Thus, no rational juror could
determine beyond a reasonable doubt that of the 43.93 grams of substance seized in appellant's
apartment, at least 28 grams was cocaine plus adulterants and dilutants; based on the evidence
presented, it could have been more or it could have been less.

 Further, as shown above, the State presented general testimony about how crack
cocaine is manufactured and about how certain substances are generally added to the cocaine to
dilute it and increase its bulk; however, the State presented absolutely no evidence that the
substances added to the cocaine during the manufacturing process in the present case did not affect
the chemical activity of the cocaine.

 Therefore, the State failed to prove beyond a reasonable doubt at least three of the
four elements listed in Cawthon. Consequently, we conclude that the evidence is legally
insufficient to show that the aggregate weight of the controlled substance, including any
adulterants or dilutants, was 28 grams or more.

 Our conclusion also finds support in the Court of Criminal Appeals' analysis in
Reeves and Cawthon. In Reeves the State's expert testified that the entire contents of a bag
containing amphetamine weighed 29.76 grams. However, he also stated that he did not determine
the weight of the amphetamine in the bag or the nature or weight of the other substances in the
bag. The Court of Criminal Appeals held that the evidence was insufficient to prove delivery of
more than 28 grams of amphetamine. Reeves, 806 S.W.2d 543-45. In the present case, the
State's expert testified that the entire contents of two exhibits containing cocaine weighed 43.93
grams. However, there was no testimony as to the weight of the cocaine in the exhibits, nor was
there testimony as to the identity or weight of the other substances in the exhibits.

 In Cawthon the State's expert testified that


the weight of the total substance was 128.76 grams. He also testified that of that
substance twenty percent [25.752 grams] was amphetamine with the rest being
adulterants and dilutants. However, when asked about the adulterants or dilutants,
[the expert] responded that he `did not run a specific analysis to determine the
adulterants or dilutants.'


See Cawthon, slip op. at 1 (emphasis added). The court determined that this evidence was
insufficient. See Cawthon, slip op. at 4. The evidence in the present case does not even rise to
the level of the evidence presented in Cawthon. The State's expert in the present case did not
testify as to the quantity of cocaine contained in exhibits 4 and 5, nor did he testify that all the
remainder of the substance was adulterants and dilutants.


CONCLUSION


 We conclude that the evidence is legally insufficient to show that appellant
possessed at least 28 grams of cocaine, plus adulterants and dilutants; therefore, we sustain
appellant's first point of error. Accordingly, we need not address his second point of error. We
reverse the conviction and reform the judgment to reflect an acquittal. (1)



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and Kidd]

Reversed and Reformed

Filed: June 3, 1992

[Publish]
1. In Bigley v. State, No. 3-90-068-CR (Tex. App.--Austin, May 6, 1992, no pet. h.), this
Court found the evidence insufficient to support a conviction for possession of
methamphetamine in an amount exceeding 400 grams; however, instead of acquitting the
defendant, we reformed the judgment to reflect a conviction for the lesser included offense of
possession of 28 grams or more, but less than 400 grams, of methamphetamine. We did this
in light of the fact that there was ample evidence that the defendant was guilty of the lesser
included offense and that the trial court had charged the jury on the lesser included offense.


     In the present case, while there was evidence that appellant was guilty of the lesser
included offense of possession of cocaine in an amount less than 28 grams, the trial court did
not charge the jury on that offense. The trial court charged the jury only on the offense of
possession of cocaine in an amount of 28 grams or more but less than 400 grams. The trial
court then charged "unless you so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will acquit the defendant and say by your verdict `not guilty.'" Therefore,
unlike the jury in Bigley, the jury in the present case had only two choices: (1) convict of
possession of 28 grams or more but less than 400 grams of cocaine; or (2) acquit. Having
concluded that the evidence is insufficient to support a conviction for possession of 28 grams
or more of cocaine, we must enter the only other judgment authorized by the trial court's
charge: acquittal. See Boozer v. State, 717 S.W.2d 608 (Tex. Crim. App. 1984), and its
progeny.