TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00033-CR







John Henry Collier, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-96-0251-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







 A jury found appellant guilty of causing "serious bodily injury" to a child. Tex. Penal Code
Ann. § 22.04(a)(1) (West 1994). The jury assessed punishment, enhanced by a previous felony
conviction, at imprisonment for thirty-five years and a $10,000 fine.


FACTUAL BACKGROUND


 On October 11, 1994, Alice Reed Collier brought her ten-month-old son, Tevin D'Neil
Reed, to Shannon Hospital ("Shannon") with second-degree burns on the top of both of his arms and
hands. Dr. Mary Segar, the emergency room physician, cleaned, treated, and dressed Tevin's wounds at
Shannon. Tevin was then transferred to Angelo Community Hospital ("Angelo Community"), where his
pediatrician had privileges, for further treatment. 

 Dr. Don Michael Lewis, a plastic surgeon, examined Tevin at Angelo Community. Due
to Tevin's age and the depth and extent of the burns on his hands and arms, Dr. Lewis recommended that
he be transferred to the Cook Hospital burn unit in Fort Worth. He testified that based upon his initial
exam, he thought that there was a possibility that Tevin's burns might require a skin graft if they became
infected. For the extensive nature and the type of wounds Tevin received, however, his course of treatment
was fairly normal. Dr. Lewis stated that Tevin's wounds healed on their own and that a skin graft ultimately
was not necessary.

 Dr. Lewis again examined Tevin one week before trial and testified that "[Tevin] has no
significant scarring, in terms of a functional disability. He has good quality skin on the dorsal, on both
hands. But on the right side he has some areas of hyperpigmentation which suggests heal burns." He
surmised that the scars were minor, stating that he guessed they were "less than one percent of the surface
area of the body . . . three inches square," and that Tevin seemed to have no functional problems as a result
of the burns. 

 Dr. Ross Alexander, a dermatologist, also examined Tevin ten days before trial. He
described the scar on Tevin's left wrist as "a centimeter or so in diameter" and the two scars on his right
forearms as "soft . . . one of which was somewhat semi-circular in appearance." He testified that the scars
had left some "slight hyperpigmentation of the skin" on both Tevin's hands and forearms. Dr. Alexander
stated that the scars on Tevin's hands and arms, while permanent, would not interfere with his activities in
the future. Tevin's father, Bruce Wayne Bowman, testified that Tevin's hands and arms "sometimes" cause
him trouble. 

 Dr. Linda Norton, a forensic pathologist, testified that after examining photographs of Tevin
taken shortly after he arrived at the hospital, she determined that the blisters on Tevin's hands and arms
were caused by an intentionally inflicted, scalding injury most likely caused by hot water and resulting in
instantaneous second-degree burning of the skin. She stated that second-degree burns usually do not scar,
but may cause some permanent pigment change to the skin when healed.


DISCUSSION


 The crux of this appeal is the difference under the Penal Code between "bodily injury" and
"serious bodily injury" to a child. In his first point of error, appellant challenges the sufficiency of evidence
to support the jury's finding that the victim suffered serious bodily injury. The thrust of appellant's point
is that, based upon the evidence presented to the jury, he may have been guilty of the unindicted offense
of bodily injury to a child, but the evidence is legally insufficient to uphold his conviction for serious bodily
injury to a child. In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

 Bodily injury is defined under the Penal Code as "physical pain, illness, or any impairment
of physical condition." Tex. Penal Code § 1.07(a)(8) (West 1994). However, the Penal Code expressly
distinguishes bodily injuries from serious bodily injuries; in order to rise to the level of a serious bodily
injury, the injury must: (1) create "a substantial risk of death" or cause death; (2) cause "serious permanent
disfigurement"; or (3) cause "protracted loss or impairment of the function of any bodily member or organ." 
Texas Penal Code § 1.07(a)(46) (West 1994). While every injury to a child is a serious matter, not every
injury to a child is a "serious bodily injury" as that term is defined under the Penal Code. 


Evidence of serious bodily injury

 At trial, the State admitted a series of photographs taken of Tevin's burns soon after he
arrived at Shannon. The State relied on the shocking nature of these photographs to convince the jury that
Tevin had suffered a serious bodily injury at the hands of appellant. On appeal, the State asserts that the
photographs constitute obvious evidence of Tevin's serious bodily injuries that, supported by the
testimony regarding the treatment of the burns at the hospital and the decision to transfer Tevin to the burn
unit in Fort Worth, is sufficient to uphold the jury's verdict beyond a reasonable doubt. 

 We find very little evidence in the record regarding the treatment administered to Tevin's
injuries or his rehabilitation. Dr. Segar testified that Tevin's burns were cleaned, treated and bandaged at
Shannon before he was sent to Angelo Community. Although Dr. Lewis testified that after conducting an
initial evaluation of Tevin's burns at the hospital, he recommended transferring Tevin to a burn unit, the
record reveals no further testimony regarding Tevin's course of treatment or rehabilitation after he was
transferred to the Cook Hospital burn unit. Testimony from Dr. Lewis indicates that he did not examine
Tevin again until a week before trial, nearly two years after the injury. He stated that between the time he
recommended transferring Tevin to the burn unit and his examination a week before trial, Tevin's injuries
healed on their own. No testimony was given regarding what would have happened if Tevin's burns were
not treated. We agree that the photographs of the burns to Tevin's hands and arms are ugly, but alone, they
are not sufficient evidence of serious permanent disfigurement, protracted loss or impairment of function,
or substantial risk of death.


Related cases

 The State asserts the Court of Criminal Appeals' holding in Hooker v. State, 621 S.W.2d
597 (Tex. Crim. App. 1981), in which the court held that a two-year-old child with second-degree burns
suffered serious bodily injury, governs this cause. Id. at 602. The facts in Hooker, however, were much
more severe than in the instant case. Tevin suffered second-degree burns to his arms and hands, but the
child in Hooker suffered second-degree burns over thirty-eight percent of the back of his body from mid-calf to the shoulders. See id. Upon arrival at the hospital, the child was listed in serious to critical
condition. Id. at 601. The treating physician at the hospital testified that "the child's injuries were such as
to cause a serious threat of death, and that his life was in jeopardy except for the excellent medical care
he received." Id. No similar testimony was made in this case regarding Tevin's burns. Indeed, the medical
testimony indicates that Tevin's burns healed on their own without significant scarring. 

 Appellant relies on the Court of Criminal Appeals' holding in Pickering v. State, 596
S.W.2d 124 (Tex. Crim. App. 1980). In that case, the Court concluded that burns on the victim's back
forming the letters "i-c-r-y" were not shown to "create a serious permanent disfigurement for the child" or
to result in "the protracted loss or impairment of the function of any bodily member or organ." 596 S.W.2d
at 128. The Court also found that there was no evidence that the child would suffer permanent scars as
a result of the burns. Id. at 126. Thus, the Court held that the burns were not serious bodily injuries as
defined under the Penal Code. Id. at 128. Unlike Pickering, the medical testimony in the instant case
indicated that Tevin's burns did result in some permanent scarring, but the scars were described as "minor"
with no anticipated impact on the proper functioning of his arms and hands in the future. 

 Because Tevin's burns were not life-threatening, we find they do not fall within the court's
ruling in Hooker. We also find that because Tevin's burns resulted in some permanent scarring, his injuries
were more severe than those suffered by the victim in Pickering. Therefore, we must review this record
on its own to determine whether the evidence falls within one of the three definitions of serious bodily
injury. Our review of the record reveals insufficient evidence that Tevin's burns created a "substantial risk
of death," caused "serious permanent disfigurement," or caused "protracted loss or impairment of the
function of any bodily member or organ." 


Substantial risk of death

 Our review of the record reveals no evidence that Tevin's injuries created a substantial risk
of death. Dr. Lewis testified that he recommended transferring Tevin to the Cook Hospital burn unit
because his burns were deep and extensive and because Tevin was only ten months old. While the
decision to transfer Tevin to the burn unit proves that his injuries were not minor, it does not prove that they
were life-threatening. Indeed, none of the treating physicians testified that Tevin's injuries created a
substantial risk of death. Therefore, we find no evidence that Tevin's burns created a substantial risk of
death.


Serious permanent disfigurement

 Dr. Lewis and Dr. Alexander testified that Tevin's injuries resulted in some permanent
scarring and hyperpigmentation on his hands and arms. The testimony indicated that the hyperpigmentation,
in this case a darkening of the skin tone caused by healing, was on Tevin's right hand. Two small scars
were located on his right arm, and one scar, approximately a centimeter in diameter, remained on his left
wrist. Dr. Lewis also testified that Tevin suffered "no significant scarring, in terms of functional disability"
and that by the week before trial the skin on both of his arms and hands were of "good quality." Based
on this evidence, we find that Tevin's burns resulted in no serious permanent disfigurement.


Protracted loss or impairment of function

 We find no evidence in the record indicating that Tevin suffered loss of function as a result
of the burns. No medical testimony was provided regarding Tevin's recovery period. The medical experts
only testified to their examinations made immediately after Tevin arrived at the hospital for treatment and/or
their examinations conducted one week before trial some two years after Tevin suffered the burns. 

 Tevin's natural father testified that Tevin's hands and arms caused him trouble "sometimes,"
indicating the possibility that the burns may have resulted in some protracted impairment of function. 
However, the medical experts provided no supporting testimony to that effect. Dr. Lewis testified that two
years after he suffered the burns, Tevin was "using his hands well" and that Tevin appeared to suffer no
functional disability as a result of his injuries. Dr. Alexander testified that Tevin's scars "will not interfere
with his ability to do anything in the future, in terms of occupation or activities." Therefore, we conclude
that the evidence does not support a finding that Tevin's burns resulted in a protracted loss or impairment
of function.

 On this record, we conclude that, even when viewed in the light most favorable to the
verdict, the evidence does not support a finding of serious bodily injury. Accordingly, we must sustain
appellant's point of error one.


Evidence of bodily injury

 We do find sufficient evidence to support a jury's finding of guilty to the lesser offense of
"bodily injury" to a child under Penal Code section 22.04(a)(3). However, neither the indictment nor the
jury charge included the lesser offense. Therefore, the jury verdict was limited to (1) a conviction for
intentionally or knowingly causing serious bodily injury or intentionally or knowingly, by omission, causing
serious bodily injury to a child, or (2) an acquittal. Where the trial court's charge does not include an
instruction on the lesser included offense, we do not have the authority to reform the judgment to reflect
a conviction for the lesser included offense. Compare Bigley v. State, 831 S.W.2d 409 (Tex.
App.--Austin 1992), aff'd, 865 S.W.2d 26 (Tex. Crim. App. 1993) with Thorpe v. State, 831 S.W.2d
548 (Tex. App.--Austin 1992, no pet.). Despite the disturbing facts in the record, we cannot uphold a
conviction for serious bodily injury upon less proof than the law requires. Because we are unable to modify
the conviction to bodily injury, we are forced to render an acquittal.


CONCLUSION


 We conclude that the evidence is legally insufficient to show that appellant caused serious
bodily injury to a child; therefore, we sustain appellant's first point of error. Accordingly, we need not
address his second point of error. We reverse the conviction and render a judgment of acquittal.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Onion*

Reversed and Rendered

Filed: May 14, 1998

Do Not Publish







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



Protracted loss or impairment of function