# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00307-CR

---

**Harlan Gene Melton, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 006111, HONORABLE JON WISSER, JUDGE PRESIDING

---

A jury convicted Harlan Gene Melton, Jr. of possession of at least four but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. ' 481.115(d) (West Supp. 2002). The court assessed punishment at nine years in prison. Appellant contends that the evidence was insufficient to support his conviction because the State=s chemist did not test enough rocks of crack cocaine to prove that appellant possessed four grams of cocaine, adulterants, and dilutants. We will reverse the conviction for possession of four to two hundred grams of cocaine, render judgment of conviction for possession of less than a gram, and remand for a new punishment hearing.

Responding to a distress call, Travis County Sheriff=s Deputy Michael Mancias discovered appellant holding an antenna and excitedly running around the rooftop of a motel. Appellant asserted that someone was trying to shoot him and that there were lasers on him. He appeared to be under the influence of narcotics. Pursuant to arresting appellant for public intoxication, Mancias patted him down for weapons and discovered a plastic baggie sticking out from the crotch of appellant=s shorts. Mancias testified that the baggie contained about thirty-five to forty rocks of what appeared to be crack cocaine. His field test of a rock revealed the presence of cocaine.

Dennis Ramsey, a chemist for the Texas Department of Public Safety, testified that the substance inside the baggie in evidence was crack cocaine. Ramsey testified that the cumulative weight of the substance in the baggie was 5.77 grams. He tested an unspecified number of the rocks and each contained cocaine. He admitted, however, that he did not test every rock.

The court=s charge allowed the jury to acquit appellant or convict him at one of three levels of possession, distinguished only by the weight of the cocaine plus adulterants or dilutants: less than one gram, one to four grams, or four to 200 grams.[1] The jury convicted on the highest range of weight.

---

[1] Cocaine is a APenalty Group 1@ substance. Tex. Health & Safety Code Ann. ' 481.102(3)(D) (West Supp. 2002). Possession of less than one gram is a state-jail felony. *Id.* ' 481.115(b). Possession of one gram or more but less than four grams is a third-degree felony. *Id.* ' 481.115(c). Possession of four

grams or more but less than 200 grams is a second-degree felony. *Id.* ' 481.115(d). State-jail felonies are punishable by confinement in a state jail for 180 days to two years. Tex. Penal Code Ann. ' 12.35 (West 1994). Third-degree felonies are punishable by imprisonment for two to ten years. *Id.* ' 12.34. Second-degree felonies are punishable by imprisonment for two to twenty years. *Id.* ' 12.33. All three offense levels are subject to fines of $10,000 or less.

Appellant contends that the evidence is insufficient to prove that he possessed at least four grams of cocaine, including adulterants or dilutants. Because appellant does not specify the nature of his evidentiary challenge, we will treat it as a challenge to the legal sufficiency of the evidence. *See Martinets v. State*, 884 S.W.2d 185, 189 (Tex. App.CAustin 1994, no pet.). In reviewing the legal sufficiency of the evidence supporting a conviction, the relevant question is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the criminal offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

Appellant contends that the testing of only a representative item from a group of items suspected to contain cocaine is not evidence of the content of all the items absent proof that the tested items are truly representative. He relies on this Court=s holding that testing a solid granular substance found in ten baggies was no evidence of the contents of ninety-one other baggies containing a similar solid granular substance that were seized at the same time. *See Thorpe v. State*, 831 S.W.2d 548, 549 (Tex. App.CAustin 1992, no pet.). The State argues that *Thorpe* focused primarily on the State=s failure to prove that the adulterants and dilutants did not affect the chemical nature of the cocaine (*see id.* at 551), a concern rendered irrelevant by statutory amendment. *See Hines v. State*, 976 S.W.2d 912, 913 (Tex. App.CBeaumont 1998, no pet.) (discussing effect of amendments to Tex. Health & Safety Code Ann. ' 481.002(49) (West Supp. 2002)). The State=s position expresses a distinction without a difference. We remain concerned about making assumptions regarding untested portions of a seized substance. The basis of our holding in *Thorpe* is that the State must prove that the alleged controlled substance exists in an amount sufficient to raise the offense to an aggravated level. The legislature has established an increasing penalty scale based solely on the amount of controlled substance possessed by an accused. We do not believe it is unreasonable for the State, if it desires a penalty greater than the minimum, to test and prove that the substance possessed is a controlled substance in an amount within the range of punishment the State is seeking to have imposed.

A four-member plurality of the court of criminal appeals, neither disapproving nor mentioning *Thorpe*, has held that the thoroughness of the testing goes to the weight of the evidence

regarding the amount of the substance.  *Gabriel v. State*, 900 S.W.2d 721, 722 (Tex. Crim. App. 1995).

Three members of the court concluded that, under *Gabriel*=s facts, circumstantial, not necessarily scientific,

evidence could allow the jury to Ainfer that all similarly situated baggies contained the same substance, and

the substance was cocaine.@ *Id.* at 727 (Clinton, J., concurring).  A plurality opinion is not binding authority.

*See State v. Hardy*, 963 S.W.2d 516, 519 (Tex. Crim. App. 1997).

We conclude that the evidence in this record is legally insufficient to prove that items in the baggie included four grams of crack cocaine. The police officer who seized the substance testified, AI observed 35 to 40 rocks of a substance that appeared to be rock cocaine that I later field tested as cocaine.@ He also testified that crack resembles Dial soap. The State=s chemist testified that the Atan, solid substance that=s inside that tan plastic bag is crack cocaine.@ He tested no more than two of the individual items in the baggie, however, and the weight of the tested items is not in the record. Although his tests identified some of the baggie=s contents as crack cocaine, the State did not prove that the baggie contained only crack cocaine. Neither the police officer nor the chemist testified, as the chemist in *Gabriel* did, that the untested substances were Avirtually identical@ to the tested ones. *See Gabriel*, 900 S.W.2d at 722. Some of the thirty-five to forty items in the bag may not have contained any cocaine; if a rock is composed entirely of noncocaine, then the noncocaine substances are not adulterants or dilutants because they are not adulterating or diluting cocaine, and their weight cannot be added to the aggregate weight of cocaine. A rational jury could not find that the evidence showed beyond a reasonable doubt that the baggie contained *only* crack cocaine; thus the aggregate weight of the contents of the baggie is no evidence of the amount of cocaine Melton possessed.

We conclude that, although the evidence was legally insufficient to support the conviction for one gram or more, it was legally sufficient to support the conviction for possession of less than a gram of cocaine. The evidence showed that rocks of undetermined weight contained cocaine, and that these rocks were aggregated with more than thirty other chunks of an unknown substance to yield the 5.77 grams of

**7**

cocaine; the evidence thus shows that Melton possessed cocaine, but not how much. Because the district court instructed the jury it could convict on the offense of possession of less than a gram, we may render judgment of conviction on that lesser offense. *See Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999); *Bigley v. State*, 831 S.W.2d 409, 415 (Tex. App.C Austin 1992.), *aff≠d*, 865 S.W.2d 26 (Tex. Crim. App. 1993).

## CONCLUSION

We accordingly reverse the conviction for possession of four to 200 grams of cocaine and render a judgment of acquittal on that offense. We render a judgment of conviction for possession of less than a gram, and remand for a new punishment hearing on the revised conviction.



Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Rendered in Part; Reversed and Remanded in Part

Filed:   August 30, 2002

Publish