COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ARTHUR LEE SCOTT,                                        )

                                                                              )              
No.  08-02-00194-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20020D00902)

                                                                              )

 

 

O
P I N I O N

 

Appellant was
convicted by a jury of possession of cocaine, one gram or more but less than
four grams and sentenced to 10 years=
imprisonment.  Appellant brings three
issues:  (1) that the trial court abused
its discretion by allowing hearsay testimony; (2) that the trial court abused
its discretion in admitting an expert=s
opinion over a hearsay objection; and (3) that the trial court erred in
permitting the testimony of a witness not named on the State=s pretrial witness list.  We reverse and remand.








Two El Paso police
officers, on bike patrol in South El Paso, were waved down by a pedestrian, who
told them that the Appellant had just tried to sell him some drugs.  The Appellant was on the sidewalk nearby and
walking towards the police officers. 
When asked if he possessed any drugs, the Appellant replied, AI have some stuff on me, but I=m not telling you where.@ 
Several baggies of cocaine were found in Appellant=s wallet.

Standard of Review

The trial court
has broad discretion in determining the admissibility of evidence, and its
ruling will not be reversed on appeal absent a clear abuse of discretion.  Allridge v. State, 850 S.W.2d 471, 492
(Tex.Crim.App. 1991); Arzaga v. State, 86 S.W.3d 767, 774
(Tex.App.--El Paso 2002, no pet.). 
As long as the trial court=s
ruling was at least within the zone of reasonable disagreement, we will not
intercede.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex.Crim.App. 1991); Arzaga 86 S.W.2d at 774.

In Issue Two,
Appellant argues that the testimony of a state chemist was inadmissible hearsay
because his testimony was merely the regurgitation of a drug analysis report
that was prepared by another state chemist. 
Specifically, the Appellant complains that the chemist who testified was
not the chemist who analyzed the evidence. 
The witness was a state chemist who was qualified as an expert and
testified that the drug analysis report reflected that the substance seized
from Appellant weighed about 2.08 grams and contained cocaine.

The State argues
that an expert chemist may render an expert opinion based upon another chemist=s test. 
See Martinez v. State, 22 S.W.3d 504 (Tex.Crim.App. 2000).  In Martinez, which overruled this
Court=s
decision, the Court essentially expands the breadth of the Aguilar
exception to the hearsay rule by eliminating the requirement that the
testifying witness be the supervisor of the analyst who actually prepared the
lab report.  See Aguilar v. State,
887 S.W.2d 27, 30 (Tex.Crim.App. 1994).








In Martinez,
the expert testified at trial as to his present opinion of the test
results.  Id. at 508.  While the expert relied on another analyst=s report to form the opinion he
testified to, as in Aguilar, the report itself was never offered into
evidence.  Martinez, 22 S.W.3d at
508.  The underlying data and facts were
never elicited before the jury.  The
Court concluded that where an expert is testifying as to his present expert
opinion, that testimony was not hearsay. 
Id.  Therefore, there was
no need to consider whether it fell within an exception to the hearsay
rule.  Id.

The State ignores,
however, that the expert in this case was not asked for an opinion.  At trial, the prosecutor asked the chemist A[W]hat does that report indicate as to
the weight of the cocaine submitted for analysis?@  Appellant properly objected to the question
but his objection was overruled.  The
answer was A2.08
grams.@  That was hearsay if it was offered to prove
the weight.  These facts fall within the
circumstances noted by Judge Womack in his concurring opinion which was joined
by two other judges:

The appellant
objected to a question other than the one asking for the witness=s opinion.  She objected to the question, >What was the weight of the
substance.=  The answer was hearsay if it was offered to
prove weight.  I see no other reason for
its offer, and the offer was not limited by the State.  It is not within the hearsay exception for
public records and reports.  There was no
effort to qualify it as a record of regularly recorded activity.  It may have been a type of evidence that an
expert could reasonably rely on.  But, as
the Court points out, there are limits on introducing the inadmissible bases of
the admissible opinion.  If the State had
responded to the hearsay objection by asking for the evidence of weight to be
admitted for the limited purpose of showing the basis for the opinion that the
substance was cocaine, that might have made it admissible.  But the State didn=t,
and the burden to request admission for a specific, limited purpose is on the
proponent of the evidence.  So it was
error to overrule the hearsay objection to the question about the weight.

 

Martinez, 22 S.W.3d at 509
(Womack, J. concurring).








It was error for
the trial court to overrule the Appellant=s
hearsay objection to the question about the weight in this case.  We now turn to the harm analysis.  Error in the admission of evidence is subject
to a harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure.  Johnson v. State, 967 S.W.2d 410, 417
(Tex.Crim.App. 1998).  The erroneous
admission of evidence is nonconstitutional error.  King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). Nonconstitutional error Athat
does not affect substantial rights must be disregarded.@   Tex.R.App.P.
44.2(b).  A substantial right is affected
when the error had a substantial and injurious effect or influence in
determining the jury=s
verdict.  See King, 953 S.W.2d at
271.  A criminal conviction should not be
overturned for nonconstitutional error if the appellate court, after examining
the record as a whole, has fair assurance that the error did not influence the
jury, or had but slight effect.  We will
not overturn a criminal conviction for nonconstitutional error if, after
examining the record as a whole, we have fair assurance that the error did not
influence the jury, or had but a slight effect. 
Muhammad v. State, 46 S.W.3d 493, 509 (Tex.App.--El Paso 2001, no
pet.).

Appellant was
indicted for possession of cocaine over one gram and under four grams, a third
degree felony.  See Tex.Health & Safety Code Ann. ' 481.115(c)(Vernon 2003).  The Legislature has established an increasing
penalty ladder based on the amount of the illicit drug possessed by a
defendant.  The greater the amount, the
greater the punishment.  Melton v.
State, 85 S.W.3d 442, 445 (Tex.App.--Austin 2002).  Excluding the erroneously admitted evidence
from consideration, there is no evidence of the amount of cocaine that
Appellant possessed.  And because there
is a lower step or offense -- possession of less than one gram, the evidence
that Appellant is guilty of possession of cocaine greater than one gram and
less than four grams is not overwhelming. 
See Sanford v. State, 21 S.W.3d 337, 347 (Tex.App.--El Paso 2000,
no pet.).  We sustain Issue Two.








Because we have
sustained one of Appellant=s
issues, we decline to address his other issues. 
We reverse and remand for a new trial.

 

 

August
5, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Publish)

 

 

 

CONCURRING 
OPINION

The majority
opinion sustains Appellant=s
argument that a portion of an expert witness=s
testimony constituted inadmissible hearsay where he directly testified as to
the contents of a written report of the chemist who actually tested the
contraband submitted to the lab.  I
concur with this conclusion but write separately to state my disagreement with
the majority=s
interpretation of Martinez and Aguilar.

John Janczak, a
drug analyst employed by the Texas Department of Public Safety Crime Lab in El
Paso, qualified as an expert witness in the field of drug analysis.  The following exchange occurred between the
prosecutor and Janczak:

The
State:         Mr. Janczak, what does that
report indicate as to the weight of the cocaine submitted for analysis?

 

Defense:           I=m
going to object at this time.  It=s asking the witness to testify off a
police report that is hearsay, sir, under Cole.[1]

 

The
Court:        Overruled.








Defense:           Thank you, sir.

 

Mr.
Janczak:     2.08 grams.

 

The
State:         And what does that report
indicate as to the exact composition of that material?

 

Defense:           Sir, at this time we need to once
again object to it as being inadmissible hearsay, and this is opinion testimony
as to Mr. Janczak.  He didn=t actually do any of the testing.  How does he know a typographical error was
not done when that sheet was prepared, sir?

 

The
Court:        Overruled.

 

Defense:           Thank you, sir.

 

Mr.
Janczak:     It contains cocaine.  

 

Mr. Janczak was
not asked to state his expert opinion regarding the nature of the substance or
its weight; rather, he was directly asked what the laboratory report
stated.  Thus, his testimony amounts to
an out-of-court statement offered for the truth of the matter asserted and
falls outside of Aguilar or Martinez.  While I concur with the majority opinion=s holding, I do not entirely agree with
its interpretation of Martinez and Aguilar.








In Martinez,
the expert witness utilized a written lab report to form his expert opinion
that the substance was .34 grams of cocaine. 
Martinez, 22 S.W.3d at 507. 
The Court of Criminal Appeals, relying on its decision in Aguilar,
held that the present opinion of a testifying witness does not constitute
hearsay because it is not, and can never be, a statement Aother than one made by the declarant
while testifying at the trial.@  Martinez, 22 S.W.3d at 508, citing
Aguilar, 887 S.W.2d at 29 (quoting former Tex.R.Crim.Evid.
801(d)).  Despite the plain holding of Martinez
and Aguilar that the hearsay rule is not implicated by an expert witness
testifying to his present opinion, the majority opinion makes a puzzling
reference to Athe Aguilar
exception to the hearsay rule . . . .@  Majority opinion at 2.  The Court of Criminal Appeals took issue with
a similar statement in Martinez:

In its opinion
reversing Martinez=s
conviction, the court of appeals found that >the
State necessarily failed to establish its right to rely on the hearsay
exception carved out by Aguilar.=[2]  But [the expert witness] testified as to his
present expert opinion, so his testimony was not hearsay at all.  There was no need to consider whether it
fell within an exception to the hearsay rule.  

 

Martinez, 22 S.W.3d at
508.  [Emphasis added].

Not only is it
erroneous to refer to the AAguilar
exception to the hearsay rule@
when the hearsay rule was not implicated in either case, it is misleading to
the bench and bar.  With these comments,
I concur with the majority opinion.

 

 

August
5, 2004

ANN CRAWFORD
McCLURE, Justice











[1]
Appellant apparently based his objection on Cole v. State, 839 S.W.2d
798 (Tex.Crim.App. 1990).





[2]
Martinez v. State, 993 S.W.2d 751, 759 (Tex.App.--El Paso 1999), reversed,
22 S.W.3d 504 (Tex.Crim.App. 2000).