Terry Wayne ZONE, Appellant,

v.

The STATE of Texas.

No. 1553–02.

Court of Criminal Appeals of Texas.

Oct. 22, 2003.

---

David Cunningham, Houston, for appellant.

Alan Curry, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

## *OPINION*

HERVEY, J., delivered the opinion for a unanimous Court.

A jury convicted appellant of possession of more than one but less than four grams of cocaine. On appeal, appellant argued, among other things, that the evidence was legally insufficient to support his conviction because the State's chemist did not test all twelve rocks of crack cocaine recovered from his mouth, but instead tested only a random sample of five of the twelve rocks. The court of appeals rejected this argument, relying on this Court's plurality opinion in *Gabriel v. State*, 900 S.W.2d 721 (Tex.Crim.App.1995). Appellant now contends that the court of appeals erroneously relied on a plurality opinion and that its decision conflicts with another court of appeals' opinion, *Melton v. State*, 85 S.W.3d 442 (Tex.App.-Austin 2002, pet. granted).

We recently overruled the court of appeals' decision in *Melton v. State*, No. 2052–02, 120 S.W.3d 339, 2003 WL 22346574, 2003 Tex.Crim.App. LEXIS 596 (Tex.Crim.App. Oct. 15, 2003). We held there that the State does not have to test each and every rock of crack cocaine, rather, "[t]he State has to prove only that the aggregate weight of the controlled substance mixture, including adulterants and dilutants, equals the alleged minimum weight." *Melton*, 120 S.W.3d at 344. We also recognized that, although *Gabriel* was a plurality opinion, we could still look to that opinion for its persuasive value. *Id.* at 342 (citing *State v. Hardy*, 963 S.W.2d 516, 519 (Tex.Crim.App.1997)).

As appellant concedes in his brief, the State's chemist tested and confirmed the presence of cocaine in at least five of the rocks. The chemist further explained that scientific sampling is used if "they're all the same color and all the same consistency." As this Court reaffirmed in *Melton*, "The manner of testing the substances by random sampling goes only to the weight the jury may give to the tested substances in determining the untested substance is the same as the tested substance." *Id.* at 5, at —— (quoting *Gabriel*, 900 S.W.2d at 722). The chemist testified that the total weight of the rocks was 1.3 grams. Based on our decision in *Melton*, and considering the evidence in this case, we find that the court of appeals correctly held that the evidence was legally sufficient to support appellant's conviction. Appellant's ground for review is overruled.

The court of appeals' judgment is affirmed.

MEYERS, J., filed a concurring opinion in which PRICE, J., joined.

MEYERS, J., filed a concurring opinion joined by PRICE, J.

To me, testing a random sample of the rocks of crack cocaine is sufficient to show that the entire substance recovered from appellant's mouth was crack cocaine adding up to the alleged minimum weight. *See Melton v. State*, 120 S.W.3d 342, 2003 WL 22346574 (Tex.Crim.App. Oct.15, 2003). I write separately because I feel that the appellant brought the wrong point of error. Instead of examining the sufficiency of the evidence, I would consider this an admissibility issue under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Although at trial appellant only objected to the admission of the cocaine as

the fruit of an illegal search and on appeal argued that the evidence was legally insufficient to show that he possessed more than one gram of cocaine, I would frame this issue as a question of the reliability of the expert's methodology. Under *Daubert*, if an expert's opinion is not methodologically reliable, then the opinion is inadmissible. *Id.* at 592–593, 113 S.Ct. 2786.

Appellant argues that the testing of only a random sample relieves the State of the burden of proving the weight of the substance, which affects the punishment range. Because only five of the 12 rocks of cocaine were tested and the expert did not weigh the five tested rocks alone, appellant argues that the total weight of cocaine may have been less than one gram, making him eligible for a lesser punishment range. Testimony at trial focused on the expert's method of testing the evidence. Appellant attempted to point out flaws in the expert's methodology and the reliability of testing only a sample then extrapolating to the whole.

Direct Examination:

[State]: Now, do you determine the weight first or do you determine the nature of the substance first?

[Expert]: Generally, we will weigh it first.

[State]: Okay. This substance in question in this case, Exhibit 5, weighs how much?

[Expert]: Approximately 1.3 grams.

* * *

Cross–Examination:

[Appellant]: Okay. And so you didn't test all those rocks in here, correct?

[Expert]: No. Not if they're all the same color and all the same consistency. We take a scientific sampling.

[Appellant]: Okay. So do you know how much each one of those rocks weighs?

[Expert]: No. They're very fragile and they break very easily so we go by the total weight.

* * *

[Appellant]: Okay. So as far as a determination that everything in that package is cocaine and weighs more than one gram, that's not based on your doing any test on all of those, is that correct?

[Expert]: No. I would have to consume the entire thing in order to do that.

* * *

Redirect:

[State]: Sir, did you follow all procedures according to the HPD departmental regulations and state law in terms of testing?

[Expert]: Yes. I followed all of the standard procedures for sampling and testing.

From this testimony, it appears that appellant was attempting to discredit the expert's testimony that appellant possessed 1.3 grams of cocaine by attacking his method of testing the evidence. The State, however, elicited testimony that the expert used a scientifically accepted method of testing. It was within the trial judge's discretion to admit the evidence for the jury to weigh in determining whether appellant possessed the requisite amount of cocaine.

Admissibility of evidence and the legal sufficiency of the evidence are often interrelated, with the trial judge first determining whether to admit the evidence and then the jury determining what weight to give the evidence. The real difference occurs on appellate review. Here, it is likely that appellant argued legal insufficiency in order to avoid the deferential abuse of discretion review used for admissibility of evidence. Legal sufficiency of the evi-

dence, however, is reviewed de novo. *See* Judge Harvey Brown, *Procedural Issues Under Daubert*, 36 Hous. L.Rev. 1133, 1153–1158 (1999).

Because I agree that the expert testimony in this case was both admissible and legally sufficient to support the conviction, I join the majority's opinion.