Opinion issued June 12, 2008









     






In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00070-CR




ADEBAYO O. TIJANI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1072577




MEMORANDUM OPINION
          Appellant, Adebayo O. Tijani, appeals from a judgment convicting him for
possession of a controlled substance of more than 400 grams of cocaine with intent
to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (f) (Vernon 2003).
Appellant pleaded not guilty. The jury found appellant guilty, and the court assessed
punishment at confinement for 35 years and a $100 fine. In his sole issue, appellant
challenges the factual sufficiency of the evidence, asserting that the manner of testing
the cocaine was insufficient to establish the element of weight of at least 400 grams.
We conclude the evidence is factually sufficient to support the verdict. We affirm. Background
          Appellant entered the United States on May 28, 2006 at Bush Intercontinental
Airport in Houston, Texas. Upon arriving, appellant met Customs Officer Fisitalia
and presented a passport from the United Kingdom. The officer asked him several
routine questions, and appellant told her that he was a U.K.-born attorney visiting the
United States to meet with a client. Because the officer thought appellant’s accent,
understanding of English, appearance, and general demeanor did not match with this
story, the officer deemed appellant suspicious and passed him on to a secondary
officer, Scarborough. After a few follow-up questions, Officer Scarborough admitted
appellant into the country.
          Appellant returned to Bush Intercontinental Airport on June 11, 2006. There,
he presented a flight pass to a ticketing agent for British Airways, which indicated
that he was to fly to London that day, and from London to Lagos, Nigeria, four days
later. Appellant presented two bags to the agent, who asked appellant whether he had
packed the bags himself, whether the bags were his, and whether he knew the
contents of the bags. Appellant responded in the affirmative to all three, and the
agent accepted the bags. Appellant then proceeded to the terminal. 
          Because of prior narcotics smuggling activity through Bush Intercontinental
Airport to Europe, Customs and Border Protection chose to examine appellant’s two
suitcases, along with those of several other passengers before loading them onto the
plane. Once the bags were re-routed to the Customs and Border Patrol station, Agent
Amadasu photographed the bag, opened it, and found three Quaker Oats containers
and three Coffee-mate containers, all with evidence of apparent tampering and
unusual weight. Agent Amadasu then opened a container of Quaker Oats, unsealed
the bag within it, and probed the contents, recovering a white powdery substance. 
The substance field-tested positive for cocaine. At that time, officials opened the
containers one by one, taking pictures of each container and its contents. Inside each
Quaker Oats container was one vacuum-sealed bag of cocaine surrounded by actual
oatmeal. The Coffee-mate containers had false bottoms, with two smaller vacuum-sealed bags of cocaine in the hidden compartment. Altogether, the search yielded
nine separate bags of cocaine recovered from six containers.
          At that point, officials with Custom and Border Protection notified Immigration
and Customs Enforcement (“ICE”) officials that narcotics had been discovered in
appellant’s checked luggage. ICE officials then asked appellant, who was waiting to
board the plane at that time, for his boarding pass and claim receipts. Upon
inspecting his paperwork and confirming with appellant that the bags were his, the
ICE officials arrested him. Subsequently, the officials took appellant and his bags to
the security interrogation area and inspected his luggage.
          Amanda Phillips, a criminalist for the Houston Police Department and the
State’s chemical expert, received and analyzed the confiscated substances. The final
weight of the white, homogenous, powdery substance recovered from the appellant’s
bags was 3.96 kilograms, or 3,960 grams. As was routine procedure, Phillips took
a sample from each individual bag and did a chemical test on it, finding each sample
to be positive for cocaine. She then took another sample from each bag, combined
the separate samples, and ran one instrumental test utilizing a gas chromatography
mass spectrometer to confirm her analysis. Thus, because the substance in each
package appeared to be homogenous, Phillips concluded that the sample was
representative of the whole and that each package contained cocaine, including any
adulterants and dilutants.Factual Sufficiency
          In his sole issue, appellant contends that the manner of testing the substance
by random sampling is factually insufficient to establish the weight element of the
crime. Specifically, appellant asserts that, because the chemist did not analyze all
3.96 kilograms of the substance, nor did she determine the type or amount of
adulterants and dilutants present in the bags, the evidence is factually insufficient to
prove that the substance in appellant’s bag was cocaine weighing at least 400 grams. 
Additionally, appellant asserts that evidence is factually insufficient because the
chemist incorrectly defined the term “adulterants and dilutants” during her testimony
at trial. 
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. 
The jury is in the best position to evaluate the credibility of witnesses, and we are
required to afford “due deference” to the jury’s determinations. Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006). In conducting a factual-sufficiency
review, we must also discuss the evidence that, according to appellant, most
undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003).
          The State produced Phillips’s testimony regarding the procedure she used to
establish that the substances confiscated from appellant’s bags were cocaine. She
took a sample of the powdered substance from each of the nine individual bags found
in the Quaker Oats and Coffee-mate canisters and determined that they all contained
cocaine. Additionally, Phillips testified that she visually inspected each bag and
determined that each contained a homogenous white powder. According to Phillips,
there was nothing in the bags that would indicate the presence of an alternate
substance, such as odd colored specks or chunks.
          The State must show that the cocaine possessed by appellant weighed at least
four hundred grams in the aggregate; it is not required to separate the cocaine from
adulterants and dilutants. Tex. Health & Safety Code Ann. § 481.002(5) (Vernon
Supp. 2007), § 481.112(f) (Vernon 2003); see Beller v. State, 154 S.W.3d 836, 868
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d). A sampling of each distinct
parcel of a substance alleged to be narcotics is enough to satisfy this burden. Zone
v. State, 118 S.W.3d 776, 777 (Tex. Crim. App. 2003); see also Melton v. State, 120
S.W.3d 339, 343–44 (Tex. Crim. App. 2003) (holding that State could randomly
sample some rocks to determine whether they contained cocaine where rocks were
all found in same bag and were visually examined to establish that they all had same
color and texture). Thus, the State’s evidence is factually sufficient to establish that
all of the powder found in the canisters, totaling 3,960 grams, was cocaine. See Zone,
118 S.W.3d at 777. 
          Additionally, appellant contends that the evidence was factually insufficient
because Phillips did not identify the type or percentage of adulterants and dilutants
present in the sample. However, “the State is no longer required to determine the
amount of controlled substance and the amount of adulterant and dilutant that
constitute the mixture.” Melton, 120 S.W.3d at 344. The State only needs to
demonstrate that part of the substance is a controlled substance and that the aggregate
weight exceeds the minimum statutory amount. Id. 
          Appellant also asserts that the evidence is factually insufficient because
Phillips incorrectly defined “adulterants and dilutants.” In her testimony, Phillips
stated that adulterants are substances “added to not only enhance the bulk, but to
maybe enhance the effect of the drugs.” She defined dilutants as substances added
“only to enhance the bulk.” The Texas Health and Safety Code defines an adulterant
or a dilutant as “any material that increases the bulk or quantity of a controlled
substance, regardless of its effect on the chemical activity of the controlled
substance.” Tex. Health & Safety Code Ann. § 481.002(49) (Vernon Supp.
2007). Phillips’s testimony, although arguably narrower, fits within the legal
definition.
          Appellant did not present any conflicting evidence or attempt to test the
substances himself in order to establish that the substance in the canisters was not
cocaine. See Gabriel v. State, 900 S.W.2d 721, 722 (Tex. Crim. App. 1995) (holding
that evidence was sufficient where State tested only five of 54 bags containing
cocaine and noting that “appellant could have conducted independent chemical tests
on all fifty-four [bags] to show they did not contain the same substance”) (citing Tex.
Code Crim. Proc. Ann. art. 39.14 (Vernon 1993)). Viewing all of the evidence in
a neutral way, we conclude that the jury’s verdict is not against the great weight and
preponderance of the evidence, nor is it clearly wrong and manifestly unjust. Watson,
204 S.W.3d at 414–15.
          We overrule appellant’s sole issue.
Conclusion
We affirm the judgment of the trial court.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).