

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00344-CR

ANTHONY GRIFFITH                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In four points, Appellant Anthony Brent Griffith appeals his conviction for possession of a controlled substance (methamphetamine), one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2009). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

On January 23, 2008, around 7:30 p.m., Gainesville Police Officer James Birdsell was watching a "drug house" at 1505 North Culberson. He saw someone leave the house and get into the vehicle parked in the front yard. He followed the vehicle as it traveled south on North Culberson, turned left on Medal of Honor Boulevard, and then turned right on South Weaver Street. The vehicle properly signaled the left-hand turn onto Medal of Honor Boulevard but not the right-hand turn onto South Weaver Street. That is, the driver of the vehicle failed to signal the turn prior to 100 feet of the intersection, although the vehicle did signal as it made the turn. On cross-examination, Officer Birdsell testified that he could have seen a hand signal if the driver had made one because there were street lights in the area. He stated that he followed the vehicle to develop probable cause for a possible traffic stop and that failing to signal a turn within 100 feet was a violation of law.[2]

Officer Birdsell activated his vehicle's emergency lights and made a traffic stop. He asked the three people inside the vehicle for identification and then returned to his vehicle to run their names and birthdates. Griffith was the front

---

[2]The trial court took judicial notice of section 545.104 of the transportation code, which states, "An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." Tex. Transp. Code Ann. § 545.104(b) (Vernon 2010). The trial court also took judicial notice of section 545.106(a), which states that turn signals may be made by using hand and arm or by using lights. *Id.* § 545.106(a) (Vernon 2010).

seat passenger. Officer Birdsell learned that Griffith had outstanding warrants for his arrest through the justice of the peace court and contacted the constable, who confirmed Griffith's warrants. When Griffith exited the vehicle, Officer Birdsell placed him in handcuffs and then searched him. Officer Birdsell located a clear plastic bag with a white powdery substance in Griffith's front right pocket.

Texas Department of Public Safety (DPS) forensic chemist Jennifer Rumppee testified that she analyzed the contents of the plastic bag and that she concluded that it contained methamphetamine. The substance's net weight was 2.38 grams.

Griffith pleaded not guilty to possession of a controlled substance and not true to the enhancement paragraph, which alleged that he had two prior felony convictions for robbery and possession of a controlled substance. The jury found Griffith guilty and the enhancement allegations true and assessed punishment at life imprisonment. The trial court sentenced him accordingly, and this appeal followed.

### III. Sufficiency of the Evidence

In his third point, Griffith complains that the evidence is insufficient to support the jury's guilty verdict, contending that the indictment did not allege that the "more than one but less than four grams" of methamphetamine included "adulterants and dilutants" and that the State's expert testified that no quantitative analysis had been performed on the drug sample, so she could not state the

amount of pure methamphetamine, and admitted that it could have contained less than one gram of methamphetamine.

"Controlled substance" means "a substance, *including a drug, an adulterant, and a dilutant* . . . . The term includes the *aggregate* weight of any mixture, solution, or other substance containing a controlled substance." Tex. Health & Safety Code Ann. § 481.002(5) (Vernon 2009) (emphasis added). "Adulterant or dilutant" means "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." *Id.* § 481.002(48). "[T]he State is no longer required to determine the amount of controlled substance *and* the amount of adulterant and dilutant that constitute the mixture." *Melton v. State*, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003). The State has to prove only that the aggregate weight of the controlled substance mixture, including adulterants and dilutants, equals the alleged minimum weight. *Id.*

Here, Officer Birdsell testified that he found a clear plastic bag with a white powdery substance in Griffith's front right pocket, and Rumppee testified that she analyzed the contents of the plastic bag, that it contained methamphetamine, and that the substance's net weight was 2.38 grams. Therefore, the evidence is sufficient to support the jury's verdict convicting Griffith of possession of a controlled substance (methamphetamine), one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.115(c); *Melton*, 120 S.W.3d at 344; *see also Zone v. State*, 118 S.W.3d 776, 777 (Tex. Crim. App. 2003)

4

(holding evidence sufficient when chemist tested random sample of five of twelve crack rocks and testified that the total weight of the rocks was 1.3 grams). We overrule Griffith's third point.

### IV. Suppression

In his second point, Griffith argues that the trial court violated his federal and state constitutional rights against illegal searches and seizures by overruling his objections and denying his motion to suppress. Griffith contends that the driver of the vehicle that was stopped "did nothing to warrant the stop other than fail to signal intent to turn." Specifically, he complains that the officer followed the vehicle until the driver "finally made a traffic violation. There were insufficient factors [to] justify the initial seizure of the driver and Appellant and therefore the arrest of Appellant violated the Fourth Amendment and Article 38.23 of the Texas Code of Criminal Procedure."

Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, or of which the officer has reasonably trustworthy information, an offense has been committed. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). Probable cause must be based on specific, articulable facts rather than the officer's mere opinion. *Id.*; *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We use the "totality of the circumstances" test to determine whether probable cause existed for a warrantless arrest. *Torres*, 182 S.W.3d at 902. An officer has probable cause to

5

stop a driver if he observes the driver commit a traffic offense. *See State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005); *State v. Ballman*, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref'd).

Officer Birdsell testified that he saw the driver of the vehicle fail to signal a turn prior to 100 feet of the intersection, a traffic offense. *See* Tex. Transp. Code Ann. § 545.104(b). Therefore, Officer Birdsell had probable cause to stop the vehicle. *See Gray*, 158 S.W.3d at 469–70; *Ballman*, 157 S.W.3d at 70. We overrule Griffith's second point.

## V. Article 38.23 Instruction

In his fourth point, Griffith contends that the trial court erred by denying his requested article 38.23 instruction, which would have allowed the jury to determine whether his stop and detention were reasonable under the circumstances.

A defendant's right to the submission of a jury instruction under article 38.23 is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007); *see also Holmes v. State*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008) ("There is, of course, nothing to instruct the jury about if the suppression question is one of law only, and there is nothing to instruct the jury about unless there is affirmative evidence that raises a contested fact issue."). To raise a disputed fact issue warranting an article 38.23(a) jury instruction, there must be some affirmative

6

evidence that puts the existence of that fact into question. *Madden*, 242 S.W.3d at 513. "The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id*. at 511.

Officer Birdsell presented the only evidence at trial regarding the facts surrounding the traffic stop: He stated that he saw the driver fail to signal a turn prior to 100 feet of the intersection and that he did not see the driver make a hand signal. No affirmative evidence puts these facts into question. *See id*. Therefore Griffith was not entitled to an article 38.23 instruction. We overrule Griffith's fourth point.

## VI. Ineffective Assistance of Counsel

In his first point, Griffith complains that he received ineffective assistance of counsel at trial. He argues that his trial counsel: (1) failed to properly present a motion for continuance when Griffith was not ready for trial; (2) failed to properly relay and explain a potential plea bargain; (3) failed to present possible witnesses on his behalf and medical testimony that would have mitigated Griffith's involvement in the offense by showing that he was experiencing disabling migraine headaches; (4) failed to properly urge Griffith's motion to suppress; and (5) refused to allow Griffith to testify during the punishment phase of trial.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable

7

probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

The State points out that Griffith has directed this court to no evidence in the record to support his allegations. Rather, Griffith directs us to the affidavit that he attached to his motion for new trial. In his affidavit, Griffith alleges the following:

> [M]y attorney failed to perform the following during my trial: he failed to properly present a Motion for Continuance; he failed to properly relay and explain to me a potential plea bargain; he failed to present a possible witness for my behalf; he failed to present medical testimony that would have mitigated my involvement in this case; he failed to properly present and urge a Motion to Suppress, and he failed to allow me to testify during the punishment phase of my trial.

The trial court denied Griffith's motion for new trial.

If a party does not refer the appellate court to the pages in the record where the error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed. *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App.) (stating that the court "has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record'"), *cert. denied*, 129 S. Ct. 625 (2008). Furthermore, the record

8

must affirmatively demonstrate the alleged ineffectiveness. *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

With regard to Griffith's complaint about counsel's failure to properly present a motion for continuance when Griffith was not ready for trial, he does not direct us to which of counsel's motions for continuance forms the basis for his complaint.[3] Furthermore, he directs us to nothing, and nothing in the record describes, any potential plea bargain, who the "possible witnesses" are and what they would have testified on Griffith's behalf, or how such witnesses' testimonies would have mitigated his possession of methamphetamine.[4] And nothing in the record supports Griffith's allegation that his trial counsel refused to allow him to testify during the punishment phase. We overrule these portions of Griffith's first point as inadequately briefed. *See Busby*, 253 S.W.3d at 673.

Griffith's trial counsel filed a motion to suppress "fruits of illegal detention" on January 29, 2009, and raised his Fourth Amendment and article 38.23

---

[3]Counsel filed a sworn motion for continuance on January 29, 2009, requesting that the trial date be reset from February 2, 2009, because "The Defendant is suffering from severe migraine headaches and other serious physical problems that need immediate care and [that] prevent him from being able to assist Counsel in his defense." And counsel filed a motion for continuance on August 20, 2009, seeking to reset the trial date from August 24, 2009, because he had been unable to locate "an important defense witness who was present at the time of arrest, the driver of the vehicle in which [Griffith] was riding." Counsel also filed an agreed motion for continuance on November 7, 2008, which the trial court granted.

[4]We note that during punishment, his sister described Griffith's past physical problems and migraine headaches, and his medical records were admitted as a defense exhibit.

9

arguments at trial, and the trial court considered these arguments before overruling the objections and denying Griffith's request for an article 38.23 instruction in the jury charge. Based on the record, and our resolution of Griffith's second point, we conclude that the record does not affirmatively show ineffectiveness. *See Salinas*, 163 S.W.3d at 740. We overrule the remainder of Griffith's first point.

## VII. Conclusion

Having overruled all of Griffith's points, we affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 10, 2011