**Opinion issued January 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00404-CR

————————————

**SHERON GABRIEL TERRELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 11CR1752**

---

## MEMORANDUM OPINION

A jury convicted appellant Sheron Gabriel Terrell of possession of cocaine in an amount between one and four grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115 (West 2010). The jury found it true that Terrell was previously convicted of the felony offense of tampering with physical evidence,

and it imposed a sentence of thirteen years in prison accompanied by a $2,500 fine. *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2011). In two appellate issues, Terrell challenges the qualifications of the testifying officer as an expert witness on high crime areas and the legitimacy of the investigative detention that resulted in discovery of the cocaine. We affirm.

## Background

Officer Hassan Mustafa of the Galveston Police Department was patrolling near the intersection of 27th Street and Avenue K, a frequent site of criminal drug transactions. He was standing outside his car, a "blacked out" patrol unit, when he observed Terrell and an unidentified white man walk up to each other and exchange something quickly, hand-to-hand. Mustafa recognized Terrell, as he had previously stopped him for minor misbehavior, "like walking in the roadway," and knew that he was involved in the drug trade.

Terrell and the white man parted ways. Mustafa reentered his car and made a U-turn to approach Terrell from behind. When Terrell saw him, he jumped to the sidewalk, behind a parked car. Mustafa told him, "Hey, come here." Terrell then reached down with his hands and threw something on the ground. Since Mustafa could not see Terrell's hands during this motion, he pulled out his taser and switched commands, telling Terrell to place himself on the ground. Terrell complied and was placed in handcuffs. Once a backup unit arrived, Mustafa found

2

a small plastic bag five or six feet away from where he had detained Terrell. The bag contained a beige rock that proved to be crack cocaine. After the rock was discovered, Terrell addressed the officer by name, saying: "Mustafa, you pulled a magical maneuver on me."

Before his trial, Terrell moved to suppress evidence of the crack rock. The trial judge held a hearing and denied the motion. At trial, a jury convicted Terrell of possessing between one and four grams of cocaine. It found true the prosecution's enhancement allegation—that Terrell previously had been convicted of felony evidence tampering—and sentenced him to thirteen years imprisonment and a $2,500 fine. This appeal followed.

## Analysis

### I.  Waiver of evidentiary objection

In his first issue, Terrell argues that Mustafa should not have been allowed to testify that the area he was patrolling was a high crime area. He contends that the trial judge should not have admitted the evidence without a hearing to test Mustafa's qualifications as an expert under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), and *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992).

To preserve error regarding the admission of evidence, a party must make a specific and timely objection. TEX. R. APP. P. 33.1(a)(1); *Penry v. State*, 903

3

S.W.2d 715, 763 (Tex. Crim. App. 1995). This is as true of failure to hold a *Daubert* hearing as it is of other evidentiary issues. *See, e.g.*, *Stephens v. State*, 276 S.W.3d 148, 153 (Tex. App.—Amarillo 2008, pet. ref'd) (appellant did not preserve error when he neither objected to expert's testimony at trial nor requested a *Daubert* hearing). Since Terrell neither requested a *Daubert* hearing nor objected to the lack of one, he preserved nothing for our review.

## II.     Reasonable suspicion for temporary detention

In his second issue, Terrell urges that his initial detention by Mustafa was not supported by a reasonable suspicion of criminal activity. He argues that as the cocaine was discovered in consequence of this detention, the trial court erred in refusing his motion to suppress this evidence.

Terrell and the State disagree about when Mustafa detained Terrell. This question can be significant because not all contacts between the police and citizens are subject to the limitations of the Fourth Amendment. *See, e.g.*, *Wade v. State*, No. PD-1710-12, 2013 WL 4820299, at *2 (Tex. Crim. App. Sept. 11, 2013). The State argues that Terrell was not seized prior to tossing the bag of cocaine on the ground and that, therefore, the cocaine is not the fruit of an unlawful detention. Terrell argues that he was improperly seized prior to dropping the cocaine. Assuming without deciding that Mustafa seized Terrell when he said, "Hey, come

4

here," we conclude that Mustafa's actions were supported by a reasonable suspicion of criminal activity.

"[P]olice can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989). "[T]he reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity." *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *accord Curtis v. State*, 238 S.W.3d 376, 380–81 (Tex. Crim. App. 2007).

When we review a trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We afford "almost total deference to a trial court's determination of historical facts," but we review the law and its application to those facts de novo. *Id.* If the trial court did not make express findings of fact, then we assume that the court found any facts necessary to support its decision so long as they have a basis in the record. *Flores v. State*, 177 S.W.3d 8, 14 (Tex. App.—

Houston [1st Dist.] 2005, pet. ref'd) (citing *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)).

Mustafa testified to three facts at the suppression hearing that, taken together, established reasonable suspicion. Mustafa witnessed Terrell and a white man approach each other in the street, quickly exchange something, and walk away. *See Wiley v. State*, 388 S.W.3d 807, 817–18 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (finding reasonable suspicion when, inter alia, officer witnessed hand-to-hand transaction). Mustafa knew that this transaction was occurring in an area frequented by narcotics traders. *See Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S. Ct. 673, 676 (2000) ("[W]e have . . . noted the fact that the stop occurred in a 'high crime area' among the relevant contextual considerations . . . ."). Finally, Mustafa knew that Terrell was involved in the drug trade. *See Fields v. State*, 932 S.W.2d 97, 105 (Tex. App.—Tyler 1996, pet. ref'd) (holding officer had reasonable suspicion when, among other things, officer knew defendant had history of drug offenses).

These three facts, taken together with reasonable inferences therefrom, were sufficient to furnish Mustafa with reasonable suspicion to detain Terrell. *See Zone v. State*, 84 S.W.3d 733, 739 (Tex. App.—Houston [1st Dist.] 2002) (deeming three facts—informant's tip that accurately described the scene, handoff between suspects, and defendant's attempted evasion—sufficient to establish reasonable

6

suspicion), *aff'd*, 118 S.W.3d 776 (Tex. Crim. App. 2003). The resulting discovery of the cocaine could not have been the consequence of an unlawful investigatory detention, and the trial court did not err in denying Terrell's motion to suppress.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).