In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00523-CR**
_____

**LAMONT JOSEPH JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A-120517-R**

**MEMORANDUM OPINION**

A jury convicted Lamont Joseph Johnson of possession of a controlled substance, and the trial court sentenced Johnson to ten years in prison. In two appellate issues, Johnson challenges the sufficiency of the evidence to support his conviction and contends that the trial court should have granted a mistrial on *Batson* grounds. We affirm the trial court's judgment.

Sufficiency of the Evidence

In issue one, Johnson contends that the evidence is insufficient to support his conviction for possession of a controlled substance. Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

When responding to a call regarding a reckless driver in a black Dodge, Detective Danny Hodges stopped a black Dodge because the driver, Johnson, was not wearing a seatbelt. Johnson was holding a cup, and he volunteered that he had been drinking coffee, not alcohol. Hodges testified that Johnson was sweating, fidgeting, talking fast, and appeared nervous. Sergeant Richard Teague testified that Johnson appeared uneasy and was sweating and shaking. Johnson could not provide a driver's license and gave a false name. The officers arrested Johnson for failure to identify and for traffic warrants. Hodges testified that Johnson was in

possession of $2,024 in cash. Hodges did not detect an odor of marihuana or alcohol and did not find, see, or smell any cocaine.

During an inventory of the vehicle, Teague smelled an odor of marihuana and observed pieces of marihuana stems and leaves inside the vehicle. Teague found Ziploc bags inside the console and saw what appeared to be cocaine floating in Johnson's coffee cup. Inside the coffee cup, Teague found a plastic bag that contained pieces of cocaine. Rebekah Sweetenham, a forensic scientist, analyzed the substance from the coffee cup and testified that the substance contained 1.79 grams of cocaine.

On appeal, Johnson contends that the evidence is insufficient to support his conviction because Sweetenham only tested a small piece of the evidence collected. A person commits possession of a controlled substance if he knowingly or intentionally possesses cocaine that is "by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams." Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a), (c) (West 2010). "'Adulterant or dilutant' means any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." *Id*. § 481.002(49) (West Supp. 2014). The State need not test each and every rock of cocaine, but need only prove that the aggregate weight of the cocaine

3

mixture, including adulterants and dilutants, equals the alleged minimum weight. *Zone v. State*, 118 S.W.3d 776, 777 (Tex. Crim. App. 2003); *Melton v. State*, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003).

Sweetenham testified that she does not test every piece of cocaine, but that the pieces are "considered a bulk homogenous unit, meaning everything is even and mixed thoroughly." She explained that when a tested piece is found to be cocaine, the "bulk unit, homogenous substance[]" is considered cocaine. Through Sweetenham's testimony, the State proved that the aggregate weight of the cocaine mixture, including adulterants and dilutants, equaled one gram or more but less than four grams, as alleged in the indictment. *See Zone*, 118 S.W.3d at 777; *Melton*, 120 S.W.3d at 344. This is all the State was required to prove, and such testimony is sufficient to support Johnson's conviction. *See Zone*, 118 S.W.3d at 777; *see also Allen v. State,* 249 S.W.3d 680, 685 n.5 (Tex. App.—Austin 2008, no pet.) ("The random sampling of apparently homogeneous substances contained within a single receptacle is sufficient to prove the whole is contraband."). Viewing the evidence in the light most favorable to the verdict, the jury could find, beyond a reasonable doubt, that Johnson committed the offense of possession of a controlled substance. *See Jackson*, 443 U.S. at 318-19; *see also Hooper*, 214 S.W.3d at 13. We overrule issue one.

## *Batson* Challenge

In issue two, Johnson argues that the trial court improperly denied his *Batson* challenge and should have granted a mistrial. "Mistrial is appropriate for only 'highly prejudicial and incurable errors.'" *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). We review the denial of a motion for mistrial under an abuse of discretion standard. *Id.*

After the jury was sworn in, Johnson made a *Batson* challenge to the State's use of strikes on panelists one and twenty. Per Johnson's request, the trial court took judicial notice of the fact that these two panelists, as well as Johnson, are African-American. The State explained that it struck panelist one because she was unemployed, not married, only had a GED, and refused to answer the State's questions regarding her feelings about "beyond a reasonable doubt." The State explained that it struck panelist twenty because she was unemployed and was under the age of forty. The trial court denied Johnson's *Batson* challenge.

A *Batson* challenge involves a three-step process: (1) the "defendant must make a *prima facie* case that a venire member was peremptorily excluded on the basis of race[;]" (2) the State must present race-neutral reasons for its peremptory strike; and (3) the defendant has an opportunity to rebut the State's explanations.

5

*Id.* at 268. The defendant must prove purposeful discrimination. *Id.* The record does not indicate that the State's explanations reflect an inherently discriminatory intent. Nor did Johnson attempt to rebut the State's reasons. "'[U]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.'" *Id.* (quoting *Purkett v. Elem*, 514 U.S. 765, 768 (1995)). Under these circumstances, we conclude that the trial court's finding that the State's explanations were race-neutral is supported by the record and is not clearly erroneous. *See id.* (Trial court's denial of *Batson* challenge upheld when the prosecutor's explanations did not reflect an inherently discriminatory intent and the appellant made no attempt to rebut the State's reasons.). The trial court did not abuse its discretion by refusing to grant a mistrial on *Batson* grounds. *See id.* at 272. We overrule issue two and affirm the trial court's judgment.

     AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 3, 2014
Opinion Delivered November 12, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.